UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Action No. 16-cv-00388

TAYLOR ENERGY COMPANY LLC,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF
THE INTERIOR; BUREAU OF OCEAN
ENERGY MANAGEMENT; BUREAU OF
SAFETY AND ENVIRONMENTAL
ENFORCEMENT; UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY; UNITED STATES COAST
GUARD

Defendants.

---

## COMPLAINT FOR INJUNCTIVE RELIEF

---

## INTRODUCTION

1.     This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to order the production of agency records from Defendants the United States Department of the Interior ("DOI"), through the Bureau of Ocean Energy Management ("BOEM") and Bureau of Safety and Environmental Enforcement ("BSEE"), and the Department of Homeland Security through the United States Coast Guard ("USCG").

2.     These agency records relate to the underlying support for statements made by Defendants on a BSEE website concerning Plaintiff Taylor Energy Company LLC's ("Taylor") ongoing response to an incident at Taylor's former oil platform in the Gulf of Mexico, which

Defendants have improperly withheld from Taylor due to Defendants' failure to timely respond to Taylor's requests and failure to timely respond to Taylor's appeals.

3.     This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. 702, and 28 U.S.C. §1331.

## PARTIES

4.     Plaintiff Taylor is a Louisiana limited liability company with its principal place of business in Orleans Parish, Louisiana.   Its only member is Phyllis M. Taylor, a Louisiana citizen domiciled in Orleans Parish.  Prior to the sale of substantially all of Taylor's assets in 2008, Taylor's principal business was in the exploration, development, and production of oil and gas on the Outer Continental Shelf ("OCS") in the Gulf of Mexico.   Plaintiff Taylor is the responsible party for an incident at Taylor's Mississippi Canyon Block 20 lease site in the Gulf of Mexico on the Outer Continental Shelf ("MC20") resulting from damage to an oil production platform and 25 connected wells during Hurricane Ivan in 2004.   Taylor is the requester of information the government Defendants are withholding.

5.     Defendant DOI is a federal agency as defined by 5 U.S.C. § 551(1).  It is also an administrative agency of the federal government as defined by the Administrative Procedure Act ("APA"). 5 U.S.C. § 701(b)(1).   DOI has supervisory and management responsibility over Defendants BOEM and BSEE.   Defendant DOI, to the extent any such records exist, has possession of the documents that Taylor seeks.

6.      Defendant BOEM is a federal agency as defined by 5 U.S.C. § 551(1).   It is also an administrative agency of the federal government as defined by the APA.   5 U.S.C. § 701(b)(1). To the extent documents responsive to Taylor's requests exist, BOEM has possession of these documents.

7.      Defendant BSEE is a federal agency as defined by 5 U.S.C. § 551(1).   It is also an administrative agency of the federal government as defined by the APA. 5 U.S.C. § 701(b)(1). To the extent documents responsive to Taylor's requests exist, BSEE has possession of the documents that Taylor seeks.

8.      Defendant Department of Homeland Security is a federal agency as defined by 5 U.S.C. § 551(1).   It is also an administrative agency of the federal government as defined by the APA.   5 U.S.C. § 701(b)(1).   To the extent records responsive to Taylor's requests exist, Department of Homeland Security has possession of the documents that Taylor seeks.

9.      Defendant USCG is a federal agency as defined by 5 U.S.C. § 551(1).   It is also an administrative agency of the federal government as defined by the APA. 5 U.S.C. § 701(b)(1).   To the extent documents responsive to Taylor's requests exist, USCG has possession of the documents that Taylor seeks.

10.      Together, BOEM, BSEE, USCG, and Taylor form the Unified Command, a structure that brings together the Incident Commanders for each agency with incident jurisdiction over the response to the events at MC20.   Unified Command for MC20 was established in 2007. Unified Command is responsible for overall management of the incident and members of the Unified Command have worked together to exchange information and to develop a common set of incident objectives and strategies and to enhance the efficiency of the individual response organizations.

## STATUTORY BACKGROUND

11.      FOIA's purpose is government transparency.   It provides the right to access all federal agency records unless such records are withheld pursuant to one of nine, narrowly-construed FOIA exemptions.   5 U.S.C. § 552(b)(1)-(9).

3

12.     FOIA imposes strict deadlines on federal agencies to respond to a request for records.   The agency must make records "promptly" available, unless the agency can establish that certain unusual circumstances are present or that it may lawfully withhold records, or portions thereof, from disclosure.   5 U.S.C. § 552(a)(3)(A).

13.     Specifically, an agency must determine whether to disclose responsive records and notify the requester of its determination within twenty workdays from receipt the request. 5 U.S.C. § 552(a)(6).

14.     Congress has specified very limited circumstances under which federal agencies may obtain additional time to disclose.

15.     First, an agency may toll the twenty workday deadline days to seek additional information from the requester.   5 U.S.C. § 552(a)(6)(A)(ii).   The tolled twenty days ends upon receipt of the requester's response to the agency.

16.     Second, under "unusual circumstances," an agency may toll the twenty-day period for an additional ten days.   5 U.S.C. § 552(a)(6)(B).   Unusual circumstances means: (i) the need to search for and collect the requested records from field or other facilities separate from the office processing the request; (ii) the need to search for a voluminous amount of separate and distinct records; or (iii) the need for consultation with another agency having substantial interest in the determination of the request.   5 U.S.C. § 552(a)(6)(B)(iii).   The ten-day extension requires written notice to the requester.   5 U.S.C. § 552(a)(6)(B)(i).

17.     FOIA also imposes strict deadlines on federal agencies for a response to a FOIA appeal.   Specifically, an agency must make a determination on the appeal within twenty workdays after receipt.   5 U.S.C. § 552(a)(6)(A)(ii).   An agency may extend the twenty-workday deadline, but only with written notice to the requester providing "unusual circumstances" justifying an

4

extension and a date certain by which the agency expects to make a determination. 5 U.S.C. § 552(a)(6)(B).

18.     United States district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

19.     Alternatively, an agency's response (or failure to respond) to a FOIA request or to a FOIA appeal are subject to judicial review under the APA. District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law." 5 U.S.C. §706(2)(A). The APA confers a right of judicial review on any person adversely affected by any agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

## FACTUAL BACKGROUND

20.     In May of 2015, BSEE posted on its website, a "Joint DOI-USCG Statement" regarding the "Taylor Energy/Mississippi Canyon 20 (MC20) Oil Discharge" as well as links to two documents, titled "Taylor Energy Oil Discharge at MC 20 Site and Ongoing Response Efforts" and "Taylor Energy U.S. Coast Guard Fact Sheet" (collectively, the "Online Materials").

21.     Despite Taylor's continued collaborative efforts with Defendants through Unified Command regarding the ongoing response and Taylor's continued compliance with agreed-upon Public Affairs Guidance for any public communications regarding Unified Command's response, Taylor was not notified of the posting of the Online Materials. This was in direct contradiction of the Public Affairs Guidance previously issued and followed by Unified Command. In fact, Taylor was only made aware of the posting of the Online Materials when those materials were entered as exhibits by plaintiff environmental organizations in *Apalachicola Riverkeeper v. Taylor*

*Energy Company LLC*, 2:12-cv-00337, then pending in the United States District Court for the Eastern District of Louisiana.

22.     The Online Materials contain misleading, incomplete, and speculative information regarding the events at MC20, as well as the efficacy of Taylor's response efforts.

23.     Upon discovering the Online Materials as a result of court filings, on May 27, 2015, William Pecue, President of Taylor, formally requested from Lars Herbst, BSEE; Captain Philip Schifflin, USCG; LCDR Drew Casey, USCG; Captain Wayne Arguin, USCG; and Michael Prendergast, BSEE, "copies of any and all interagency studies, communications, expert studies, etc. that formed the basis for these [Online Materials]."

24.     Through June and July of 2015, Mr. Pecue followed up in person to determine whether USCG or BSEE would respond to his email request.

25.     Defendants BSEE and USCG did not produce documents in response to Mr. Pecue's request.

26.     Therefore, on August 3rd and 4th, through its Counsel, Beatty and Wozniak, P.C., Taylor filed formal FOIA requests for documents related to the Online Materials, as well as correspondence regarding FOIA requests from the press.   Taylor's request to Defendants BOEM, BSEE, and USCG contained the following specific requests:

   Request No 1: Please produce and deliver all studies, analyses, memorandum, and
   correspondence between and among the United States Department of the Interior, BSEE,
   BOEM and the USCG that support the statements on the BSEE website and in Exhibit 1
   that:

         a.     "BSEE's current estimate is that the oil discharge from the site, if
   left unchecked, could continue for 100 years or more."

b.      "However, because the discharge volume is greater than can reasonably be accounted for by oil released from sediment only, oil is most likely emanating from one or more of the 25 wells."

c.      "Significant uncertainty exists about future events, including discharge sources, cross-flows, pressure recharge in the oil reservoirs, evolving technology, and suitable remedial measures."

d.      "The specific source(s) of discharge at the MC-20 site are not fully known."

Request No. 2: Please produce all correspondence (emails, letters, faxes and any other correspondence) relating to the statement that "In August 2014, the UC led a joint aerial observation workshop that included the Coast Guard, BSEE, NOAA, and Taylor Energy's representatives and contractors.  At that workshop, the aerial observation methodology used to estimate quantity and rate of discharge was reviewed and revised."  Please specifically include the documentation that the methodology used to estimate quantity and rate of discharge was revised.

Request No. 3: Please produce all correspondence, and FOIA-related correspondence (emails, letters, faxes and any other correspondence) relating to Taylor or MC20 between BOEM and BSEE, and the Associated Press and Michael Kunzelman.

27.     Taylor's FOIA requests also asked each agency Defendant to "identify which documents are responsive to each numbered request or **indicate that you have no responsive documents for each numbered response**." (emphasis added).

28.     The details of the requests to and correspondence with each Defendant are explained in detail below.

**REQUEST TO BOEM**

29.     By letter dated August 3, 2015, Taylor filed its FOIA request to BOEM for materials regarding the Online Materials.

30.     BOEM indicated receipt of Taylor's request on August 4, 2015, and asked for clarification regarding certain requests.

31.     Taylor fully responded with answers to BOEM's request for clarification on August 31, 2015.

32.     On September 8, 2015, BOEM responded indicating that BOEM was taking a ten-workday extension under 43 C.F.R. § 2.19.   Further, this September 8th response indicated that, due to "unforeseen circumstances," Taylor should expect further delays and that its request was currently number nineteen in the "Complex" FOIA processing track.

33.     BOEM's ten-workday extension to respond expired on October 5, 2015.

34.     BOEM failed to respond to Taylor's request with responsive documents or to indicate that no such documents exist within twenty days or within its ten-day extension period.

35.     On November 3, nearly a month after BOEM's twenty-day deadline and ten-day extension had passed, Taylor followed up to determine the status of BOEM's response to its request.

36.     By letter dated November 30, 2015, Taylor appealed BOEM's refusal to respond to its request.

37.     DOI, on BOEM's behalf, failed to respond to or indicate unusual circumstances exist necessitating an extension for a response to Taylor's appeal within the twenty-day deadline.

38.     Two months later, having not received any response from the Office of the Solicitor, Taylor followed up on its appeal via email dated February 3, 2016.

8

39.     As of the filing of this complaint, the Office of the Interior has yet to acknowledge Taylor's appeal.   Such refusal to acknowledge Taylor's appeal has the effect of a denial.

40.     Taylor, therefore, has been denied access to the requested agency records.

**REQUEST TO BSEE**

41.     By letter dated August 3, 2015, Taylor made its FOIA request to BSEE for documents relating to the Online Materials.

42.     BSEE responded on August 5, 2015, indicating that it had received Taylor's request and was invoking the ten-workday extension under 43 C.F.R. 2.19(a)(1) and (2).   BSEE's letter indicated that Taylor was entitled to file an appeal regarding delay any time after September 15, 2015.

43.     On August 25, 2015, Ms. Miller of BSEE sent a request for clarification only as to the third of three categories of information in Taylor's request.

44.     Taylor fully responded with answers to BSEE's request for clarification on August 31, 2015.

45.     BSEE's ten-workday extension expired on September 15, 2015.

46.     BSEE failed to provide responsive documents or to indicate that no such documents exist within the twenty days or within its ten-day extension period.

47.     On October 7, 2015, BSEE provided only a partial response to Request No. 1 and Request No. 3 and indicated that searches for records responsive to all three requests were still in progress.

48.     On November 3, nearly two months after BSEE's September 15th deadline had passed, Taylor followed up to determine the status of BSEE's response to its request.

49.     As of the date of the filing of this complaint, Taylor has not received a response to

its request for an update or a final response to its FOIA request.

50.     By letter dated November 30, 2015, Taylor appealed BSEE's failure to respond to its request.

51.     DOI, on BSEE's behalf failed to respond to, or indicate unusual circumstances exist necessitating an extension for a response to Taylor's appeal within the twenty-day deadline.

52.     Taylor still has not received any response from the Office of the Solicitor of DOI regarding its appeal.   On February 3, 2016, Taylor followed up via email on the status of its appeal.   DOI has not responded.

53.     On February 19th, BSEE produced one additional document, again only responsive to Request No. 3.

54.     As of the filing of this complaint, the Office of the Interior has yet to acknowledge Taylor's appeal.   Such refusal to acknowledge Taylor's appeal has the effect of a denial.

55.     Taylor, therefore, has been denied access to the requested agency records.

**REQUEST TO USCG**

56.     By letter dated August 4, 2015, Taylor filed its formal FOIA request to USCG. The topics requested of USCG were identical to the topics in the request to BOEM and BSEE detailed above.

57.     USCG failed to respond within twenty days or to indicate that no responsive documents exist as required by 6 C.F.R. § 5.6.

58.     Taylor followed up on USCG's complete failure to respond via letter on November 2, 2015.

59.     In response to its second request, Taylor received a response on November 6, 2015, indicating that Taylor's request, received August 14, 2015, was assigned FOIA number

2015-CGFO-02644.

60.     On November 10, 2015, Taylor received an email from Ms. Ackerson of the USCG, indicating that Taylor's request had been assigned to multiple Coast Guard offices and that the Office of Information Management would be providing documents regarding Request No. 3, relating only to FOIA materials requested regarding Taylor from a member of the press.

61.     On November 12, 2015, Taylor received an "interim" response from the Office of Information Management with respect only to Request No. 3.   USCG has not produced any response regarding Taylor's request for documents related to the Online Materials or indicated that no such responsive documents exist.

62.     On December 1, 2015, Taylor appealed USCG's failure to respond to its request via letter to the Associate General Counsel at the Department of Homeland Security.

63.     The Department of Homeland Security failed to respond to or indicate unusual circumstances exist necessitating an extension for a response to Taylor's appeal within the twenty-day deadline.

64.     As of the filing of this complaint, the Department of Homeland Security has yet to acknowledge Taylor's appeal.   Such refusal to acknowledge Taylor's appeal has the effect of a denial.

65.     Taylor, therefore, has been denied access to the requested agency records.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

66.     Taylor re-alleges and incorporates by reference the allegations made in the preceding paragraphs.

11

67.     Taylor has a statutory right to a final determination from BOEM, BSEE, and the USCG on its FOIA requests and FOIA appeals in a manner that complies with FOIA.   Defendants violated FOIA and Taylor's rights by unlawfully delaying its response beyond the deadlines mandated by FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), and failing to respond.

68.     Unless enjoined and made subject to a declaration of Taylor's rights by this Court, Defendants will continue to violate FOIA and Taylor's rights to receive agency records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

69.     Taylor re-alleges and incorporates by reference the allegations made in the preceding paragraphs.

70.     Defendants unlawfully withheld agency action by failing to comply with the mandates of FOIA by failing to provide Taylor with a timely final determination on its FOIA requests and appeals.   Defendants' failures constitute agency action that is unlawfully withheld and therefore is actionable pursuant to the APA, 5 U.S.C. § 706(1).

71.     Alternatively, Defendants unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure to issue a timely final determination on Taylor's FOIA requests and FOIA appeals.   Defendants' failures constitute agency action unreasonably delayed and therefore are actionable pursuant to the APA, 5 U.S.C. § 706(1).

72.     As alleged above, Defendants' failure to comply with the mandates of FOIA have injured Taylor's interests and therefore Defendants are in violation of their statutory duties under the APA.

73.     Taylor has no other adequate remedy at law to redress the violations noted above.

12

74.     Unless enjoined and made subject to a declaration of Taylor's rights by this Court, Defendants will continue to harm Taylor by unlawfully withholding or unreasonably delaying agency action.

75.     Therefore, Taylor is entitled to judicial review under the APA, 5 U.S.C. § 702.

## **PRAYER FOR RELIEF**

WHEREFORE, Taylor requests this Court:

(1)     Order Defendants to produce the requested agency records or to declare that no such documents exist, and to provide a final determination on their FOIA response, within twenty days under 5 U.S.C. § 552(a)(4)(B);

(2)     Declare that Defendants' failure to timely make a determination on Taylor's FOIA requests and appeals is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii) and is agency action that has been unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law under 5 U.S.C. § 706(2)(A);

(3)     Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(4)     Award Taylor costs and reasonable attorney's fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(5)     Grant such other and further relief as may deem just and proper.

Dated: February 25, 2016

Respectfully submitted,

/s/ *William E. Sparks*

William E. Sparks (DC Bar No. 499224)
BEATTY & WOZNIAK, P.C.
216 Sixteenth Street, Suite 1100
Denver, Colorado   80202-5115
Phone Number:   (303) 407-4499
Fax Number:   (303) 407-4494
E-mail:wsparks@bwenergylaw.com

Attorney for Plaintiff
Taylor Energy Company LLC

14