UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TAYLOR ENERGY COMPANY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 16-CV-388 (BAH) |
| UNITED STATES DEPARTMENT OF THE INTERIOR; BUREAU OF OCEAN ENERGY MANAGEMENT; BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES COAST GUARD, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION TO DISMISS APA CLAIM,
MOTION TO STAY PROCEEDINGS AND OPPOSITION
TO PLAINTIFF'S REQUESTED INJUNCTION**

Defendants hereby (i) move to dismiss plaintiff's Administrative Procedure Act claim pursuant to Rule 12(c) of the Federal Rules of Civil Procedure; (ii) move to stay proceedings in this case for four months, primarily to provide Defendants with the time needed to complete searching for and/or processing materials responsive to plaintiff's Freedom of Information Act requests; and (iii) oppose plaintiff's request for "an injunction requiring the production of all responsive agency records or a statement indicating no such documents exist within thirty days consistent with statutory deadlines," ECF No. 15 at 2.

In support of these motions, Defendants respectfully submit the attached memorandum, along with supporting declarations and their exhibits with respect to their motion to stay proceedings. Also attached is a proposed order setting forth the relief requested herein.

In accordance with Local Civil Rule 7(m), the undersigned informed plaintiff's counsel that Defendants intend to move to stay proceedings in this case. Plaintiff's counsel stated that plaintiff opposes Defendants' motion to stay proceedings.

Dated: April 28, 2016

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar # 415793
United States Attorney for the District of Columbia

DANIEL VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: /s/ Marsha W. Yee
MARSHA W. YEE
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2539
Facsimile: (202) 252-2599
Email: Marsha.Yee@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAYLOR ENERGY COMPANY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil Action No. 16-CV-388 (BAH) |
| UNITED STATES DEPARTMENT OF | ) |
| THE INTERIOR; BUREAU OF OCEAN | ) |
| ENERGY MANAGEMENT; BUREAU OF | ) |
| SAFETY AND ENVIRONMENTAL | ) |
| ENFORCEMENT; UNITED STATES | ) |
| DEPARTMENT OF HOMELAND | ) |
| SECURITY; UNITED STATES COAST | ) |
| GUARD, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS APA CLAIM,
MOTION TO STAY PROCEEDINGS AND OPPOSITION
TO PLAINTIFF'S REQUESTED INJUNCTION**

In this case arising from Freedom of Information Act ("FOIA") requests, Defendants move to dismiss plaintiff's Administrative Procedure Act ("APA") claim because adequate remedies are available to plaintiff under FOIA, and thus plaintiff's APA claim is precluded.

In addition, Defendants move for a stay of proceedings for four months, primarily so that the United States Department of Interior's Bureau of Safety and Environmental Enforcement ("BSEE") can complete searching for and processing documents responsive to plaintiff's broad, multi-part FOIA request. Although the United States Department of Homeland Security's United States Coast Guard ("Coast Guard") also needs additional time, approximately four weeks, to complete its processing, plaintiff does not appear to object to additional time for the Coast Guard. *See* ECF No. 23 (Plaintiff's "Status Report") at 2 (referring to the Coast Guard's estimate of six weeks as "reasonable"). The United States Department of Interior's Bureau of

Ocean Energy Management ("BOEM") made its final determination regarding plaintiff's FOIA request and released all responsive, non-exempt records to plaintiff as of April 6, 2016. Declaration of Natasha Alcantara (BOEM) ¶ 39. A stay would also control the disposition of this case with economy of time and effort for the Court, counsel, and the parties.

Finally, Defendants oppose plaintiff's request for an injunction "requiring the production of all responsive agency records or a statement indicating no such documents exist within thirty days consistent with statutory deadlines," ECF No. 15 (Pl.'s Mot. for Summ. J.) at 2. An agency is not required to *produce* documents within the referenced statutory deadlines. Moreover, plaintiff's purported basis for seeking expedited processing is belied by allegations in its complaint and an exhibit to its motion for summary judgment.

Accordingly, the Court should (i) dismiss plaintiff's APA claim; (ii) stay the proceedings in this case; and (iii) deny plaintiff's requested injunction.

## BACKGROUND

On February 25, 2016, plaintiff filed its complaint regarding its FOIA requests to (i) BOEM and BSEE on August 3, 2015, and (ii) the Coast Guard on August 4, 2015. Compl. ¶¶ 29, 41, 56. In the underlying FOIA requests, plaintiff requested, *inter alia*, documents supporting certain statements made in 2015 by the Department of Interior and the Coast Guard on the BSEE website, and materials posted on the BSEE website, relating to an oil spill that occurred in 2004. *Id.* ¶¶ 4, 20, 26.

On March 24, 2016, plaintiff filed its motion for summary judgment. ECF No. 15 (Pl.'s Mot. for Summ. J.). Plaintiff argues that it is entitled to summary judgment because "there is no dispute as to any material fact that Defendants violated [FOIA]," and thus plaintiff "is entitled to judgment as a matter of law." *Id.* at 1. Plaintiff argues that "[u]nder FOIA, [it] has a statutory

right to a final determination from Defendants within twenty days of receipt of its FOIA request." *Id.* at 2. Plaintiff requests an injunction "requiring the production of all responsive agency records or a statement indicating no such documents exist within thirty days consistent with statutory deadlines." *Id.*

## STANDARD OF REVIEW:
## MOTION FOR JUDGMENT ON THE
## PLEADINGS UNDER RULE 12(C)

"Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings '[a]fter the pleadings are closed—but early enough not to delay trial.'" *Jones v. Castro*, No. 15-CV-310 (CKK), 2016 WL 777917, at *4 (D.D.C. Feb. 29, 2016). "The standard for reviewing a motion for judgment on the pleadings is 'virtually identical' to that applied to a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.*

"Under rule 12(c)—as under rule 12(b)(6)—a party may move to dismiss a complaint on the grounds that it 'fail[s] to state a claim upon which relief can be granted.'" *Id.* at 5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion to dismiss, a court may begin by identifying pleadings that are no more than legal conclusions and therefore "are not entitled to the assumption of truth." *Id.* at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

"The court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice,

and matters of public record." *Jones*, 2016 WL 777917, at *4. The Court need not assume as true allegations that are contradicted by a document incorporated into the complaint or matters subject to judicial notice. *See Redmon v. U.S. Capitol Police*, 80 F. Supp. 3d 79, 89 (D.D.C. 2015) (rejecting as true plaintiff's allegations that were flatly contradicted by a document incorporated into the complaint).

## ARGUMENT

### I. THIS COURT SHOULD DISMISS PLAINTIFF'S APA CLAIM

"The APA permits judicial review of 'final agency action[s] for which there is no other adequate remedy in court.'" *Muttitt v. U.S. Cent. Command*, 813 F. Supp. 2d 221, 226 (D.D.C. 2011) (quoting 5 U.S.C. § 704). "The Supreme Court has held that the APA's judicial review provision 'does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures.'" *Id.* "[W]here a statute affords an opportunity for *de novo* district-court review of the agency action, APA review is precluded since Congress did not intend to permit a litigant challenging an administrative denial . . . to utilize simultaneously both [the statute's review provision] and the APA." *Id.* (internal quotation marks omitted). Thus, "APA claims arising out of an agency's response to a FOIA request must be dismissed when they seek relief that can be obtained through a FOIA claim itself." *Id.* (internal quotation marks omitted); *see also Harvey v. Lynch*, 123 F. Supp. 3d 3, 8 (D.D.C. 2015) ("[S]ettled precedent makes clear that a FOIA requester may not seek relief under the APA for violation of FOIA or the governing FOIA regulations.").

Plaintiff's complaint alleges two claims for relief: (i) violation of FOIA, and (ii) violation of the APA. Compl. ¶¶ 66-75. Plaintiff seeks an injunction and a declaration that Defendants' "failure to timely make a determination on [plaintiff's] FOIA requests and appeals"

is (i) "unlawful under FOIA," and (ii) "is agency action that has been unlawfully withheld or unreasonably delayed under [the APA], or is arbitrary, capricious, an abuse of discretion, or not in accordance with law under [the APA]." *Id.* at 13.

There is no discernable difference in the relief plaintiff seeks under FOIA versus under the APA, and injunctive and declaratory relief are available under FOIA.  *See* 5 U.S.C. § 552(a)(4)(B) (conferring jurisdiction on federal district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant"); *see also Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, No. 13-CV-1291 (APM), 2016 WL 912167, at *8 (D.D.C. Mar. 7, 2016) (noting that statute's language "suggests that district courts have the power to issue injunctive relief beyond merely compelling disclosure of records," and recognizing Circuit precedent that "'FOIA imposes no limits on courts' equitable powers in enforcing its terms'").  Thus, relief is not available under the APA.  *See Muttitt*, 813 F. Supp. 2d at 228 ("[S]ince FOIA, as interpreted by *Payne* [*Enterprises Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988),] provides the plaintiff with an opportunity for the declaratory and injunctive relief he is seeking, relief under the APA is not available.").

Accordingly, the Court should dismiss plaintiff's APA claim.

**II.     THIS COURT SHOULD GRANT DEFENDANTS' MOTION TO STAY PROCEEDINGS**

The Court should stay proceedings in this case (i) to allow BSEE and the Coast Guard to properly complete searching and/or processing, and (ii) to control the disposition of this case with economy of time and effort for itself, counsel and the parties.

### A.   The Court Should Grant Stay to Allow Time for BSEE and the Coast Guard to Properly Complete Their Responses to Plaintiff's FOIA Request

Under FOIA, a court may "allow the agency additional time to complete its review of the records" upon a showing that "exceptional circumstances" exist and that "the agency is exercising due diligence in responding to the request." 5 U.S.C. § 552(a)(6)(C)(i). As discussed below, BSEE and the Coast Guard continue to comply with FOIA by searching for and/or processing materials responsive to plaintiff's broad, multipart FOIA request.

According to the Declaration of Karen Miller, BSEE is complying with FOIA by searching for and processing materials responsive to plaintiff's FOIA request. Declaration of Karen Miller (BSEE) ¶¶ 26-38. BSEE's search involves multiple offices and two email systems, and it has a large volume of potentially responsive documents, has other requests that predate plaintiff's request, and has provided partial responses. *See id.* ¶¶ 27-28, 29, 31, 33-38. BSEE "has collected approximately 30,000 pages of potentially responsive material, which it is processing for responsiveness and potentially exempt material, as well as segregability," and "anticipates collecting and reviewing as many as 70,000 pages of additional material as a result of continuing searches." *Id.* ¶ 33. "BSEE's response has been delayed due to limited FOIA resources, and many competing priorities, including complex outstanding requests that were received in advance of Plaintiff's request." *Id.* ¶ 40. "In addition, Plaintiff's FOIA request is complex because it involves a very large number of potentially responsive documents from multiple offices within BSEE HQ, BSEE GOMR, and GOMR District Offices." *Id.* Accordingly, BSEE "requires four more months in order to complete processing of Plaintiff's FOIA request," and "estimates that it will make its final determination regarding Plaintiff's FOIA request on or about August 30, 2016." *Id.* ¶ 45.

6

Similarly, the Declaration of Sean R. Gajewski demonstrates that the Coast Guard is complying with FOIA by processing the responsive materials and has been diligently working towards completing its response to plaintiff's FOIA request.  Declaration of Sean R. Gajewski (Coast Guard) ("Gajewski Decl.") ¶¶ 8-22.  The Coast Guard's initial search performed by the Marine Safety Center did not yield responsive materials.  *Id.* ¶¶ 8, 13.  The Coast Guard subsequently expanded its search to multiple offices/units, which yielded over 2,000 potentially responsive documents.  *Id.* ¶¶ 14, 17, 18.  The Coast Guard has determined that approximately 918 pages of material are responsive to plaintiff's FOIA request, and anticipates completing its response in four weeks.  *Id.* ¶¶ 20-22.  Attached as Exhibit D to the Gajewski Declaration is the Coast Guard's acknowledgment of receipt of plaintiff's appeal.  *Id.* ¶ 15 & Ex. D.  (Plaintiff claims that the Department of Homeland Security "failed to respond" to its appeal, ECF No. 15-1 at 9.)

Under these circumstances, the Court should grant Defendants' motion to stay proceedings in this case for four months to allow BSEE and the Coast Guard to properly complete their search and/or processing for responsive materials.

### B.     The Court Should Stay Proceedings to Control the Disposition of this Case

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Seneca Nation of Indians v. U.S. Dep't of Health & Human Servs.*, No. 14-1493 (JDB), 2015 WL 7180514, at *3 (D.D.C. Nov. 13, 2015) (internal quotation marks omitted).  This Court should stay the proceedings to control the disposition of this case with economy of time and effort for itself, counsel, and litigants.

Based on the record and the dates provided in plaintiff's "Status Report," ECF No. 23 at 2-3, plaintiff intends to engage in nearly continuous litigation activity, including potentially filing an amendment to its complaint and a second motion for summary judgment. *See id.* Plaintiff chose to file its motion for summary judgment on March 24, 2016—less than two weeks before Defendants' deadline to respond to the complaint (April 6, 2016), and believed (incorrectly) that Defendants' deadline to file their response to that motion was April 7, 2016. *See* ECF No. 20 at 2 (representing that April 7, 2016 was Defendants' deadline to file their response to plaintiff's motion for summary judgment); ECF No. 21 at 1-2 (pointing out the 3-day rule and April 11, 2016 as the correct deadline for Defendants).

The time that Defendants have spent responding to plaintiff's complaint and motion for summary judgment, including writing their declarations, detracts from Defendants' ability to complete their responses to plaintiff's FOIA request and to work on other matters. *See* Gajewski Decl. ¶ 25 ("Due to the instant lawsuit, the Coast Guard has diverted its resources to assessing the Complaint, drafting its Answer to the Complaint, and completing this Declaration. The time that the Coast Guard has spent on this litigation has adversely affected the Coast Guard's ability to review the remaining responsive documents, facilitate an interagency document review, draft a response letter, and prepare the non-exempt documents for release to [plaintiff].").

In addition, plaintiff knows or should know that it is not entitled to summary judgment merely because the agencies' responses are untimely. Taylor Energy Company LLC was an intervenor-defendant in a case where the court ruled that the agency's "untimely responses, in and of themselves, do not entitle [plaintiffs] to judgment in [their] favor." *Waterkeeper All. v. U.S. Coast Guard*, No. 13-289 (RMC), 2014 WL 5351410, at *12 (D.D.C. Sept. 29, 2014) (internal quotation marks omitted); *see also Jacobs v. Fed. Bureau of Prisons*, 725 F. Supp. 2d

85, 87-89 (D.D.C. 2010) (recognizing that agency's untimely response, nearly two years after plaintiff mailed his FOIA requests, "does not entitle plaintiff to judgment in his favor" and that the timeliness of the agency's response is not dispositive if it ultimately demonstrates its full compliance with its obligations under FOIA with respect to such requests).

Plaintiff has admitted that its summary judgment motion will be moot once BSEE and the Coast Guard provide their final responses to the FOIA request. ECF No. 23 (Plaintiff's "Status Report") at 2 ("Taylor agrees that the briefing of Taylor's current Motion for Summary Judgment will be moot once Defendants BSEE and [the Coast Guard] provide final responses to Taylor's FOIA request."). Consequently, Plaintiff should concede that its summary judgment motion with respect to BOEM, which provided its final determination in a letter dated April 6, 2016, is moot.

The Court need not expend effort in deciding a motion that is partially moot and will become moot in a matter of months. Instead, it should stop plaintiff's abusive litigation initiatives that detract from Defendants' ability to complete their responses to plaintiff's FOIA requests. Such completion could potentially eliminate the need for the Court to do much more with respect to this FOIA case.

* * *

Under these circumstances, the Court should stay the proceedings in this case.

## III. THIS COURT SHOULD DENY PLAINTIFF'S REQUESTED INJUNCTION

Plaintiff has requested an injunction "requiring the production of all responsive agency records or a statement indicating no such documents exist within thirty days consistent with statutory deadlines." ECF No. 15 (Pl.'s Mot. for Summ. J.) at 2.

9

This Court should deny plaintiff's requested injunction. At best, plaintiff's request is based on its misunderstanding of FOIA. FOIA does not require agencies to produce all responsive documents within the 20-day or 30-day statutory windows in 5 U.S.C. § 552(a)(6)(A)(i) or § 552(a)(6)(B)(i), respectively. Those statutory deadlines merely apply to an agency's "determination," and do not set a deadline for when an agency is required to *produce* documents. *See Elec. Privacy Info. Ctr. v. Dep't of Justice*, 15 F. Supp. 3d 32, 40-41 (D.D.C. 2014) (recognizing that the "determination" that is to be made within the statutory 20-day window "is distinct from the act of *producing* the requested records," and "the impact of blowing the 20-day deadline relates *only to the requester's ability to get into court*"). "[N]othing in the FOIA statute establishes that an agency's failure to comply with this 20-day deadline automatically results in the agency's having to produce the requested documents without continued processing." *Id.* at 40. Furthermore, the statutory determination deadline "is not always practicable." *Id.* at 42. The consequence of not meeting the statutory determination deadline is that "the FOIA requester is deemed to have exhausted his administrative remedies and can proceed immediately to federal court, after which the agency 'may continue to process the request,' but will do so under the court's supervision." *Id.*

Moreover, plaintiff's purported basis for seeking expedited release of the requested records—"to facilitate use of the best science and information available to evaluate [Plaintiff's] continuing response" to a 2004 oil spill—is belied by allegations in its complaint and Exhibit 4 to its motion. ECF No. 15-1 at 2. Plaintiff believes that the posted materials contain "misleading and incomplete information, as well as speculation and opinion." ECF No. 15-6 (Ex. 4) at 1; *see also* Compl. ¶ 22 ("The Online Materials contain misleading, incomplete, and speculative information regarding the events at MC20 . . . .").

10

Under these circumstances, plaintiff has not demonstrated that it qualifies for the requested injunction. Accordingly, the Court should deny plaintiff's requested injunction.

## CONCLUSION

For the foregoing reasons, the Court should dismiss plaintiff's APA claim, stay the proceedings in this case for four months, and deny plaintiff's requested injunction.

Dated:  April 28, 2016

        Respectfully submitted,

        CHANNING D. PHILLIPS, D.C. Bar # 415793
        United States Attorney for the District of Columbia

        DANIEL VAN HORN, D.C. Bar # 924092
        Chief, Civil Division

        By: /s/ Marsha W. Yee
        MARSHA W. YEE
        Assistant United States Attorney
        Civil Division
        555 4th Street, N.W.
        Washington, D.C. 20530
        Telephone:  (202) 252-2539
        Facsimile:  (202) 252-2599
        Email:  Marsha.Yee@usdoj.gov

        *Counsel for Defendants*