UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TAYLOR ENERGY COMPANY LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action 16-cv-00388 |
| UNITED STATES DEPARTMENT OF | ) | |
| THE INTERIOR, BUREAU OF | ) | |
| OCEAN ENERGY MANAGEMENT; | ) | |
| BUREAU OF SAFETY AND | ) | |
| ENVIRONMENTAL ENFORCEMENT; | ) | |
| UNITED STATE DEPARTMENT | ) | |
| OF HOMELAND SECURITY; | ) | |
| UNITED STATES COAST GUARD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DECLARATION OF KAREN MILLER, CHIEF, FREEDOM OF INFORMATION ACT/RECORDS OFFICE, GULF OF MEXCIO REGION, BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT, IN SUPPORT OF A MOTION FOR AN EXTENSION OF TIME

I, Karen Miller, hereby declare and state:

I.    INTRODUCTION

1.   I am the Chief of the Freedom of Information Act (FOIA)/Records Office for the Gulf of Mexico Regional Office (GOMR) of the Bureau of Safety and Environmental Enforcement (BSEE) within the Department of the Interior (DOI). I have worked in this capacity since December of 2011. Prior to that, I had been a FOIA Specialist/Management Analyst in the BSEE's Gulf of Mexico Regional FOIA Office since May of 2005. As part of my duties, I act as Freedom of Information Act Officer for BSEE's Gulf of Mexico Region, and in this capacity I am responsible for responding to FOIA requests which seek information from or regarding BSEE's Gulf of Mexico Region. The following statements are based on my personal knowledge and on information provided to me by employees in other offices of BSEE.

2. DOI operates a decentralized FOIA program, in which the various bureaus and agency components separately process and respond to FOIA requests addressed to them. Since December of 2011, I have coordinated FOIA responses for BSEE's Gulf of Mexico Regional Office. As part of my official responsibilities, I coordinated BSEE's search for documents responsive to Plaintiff's FOIA request. Through the exercise of my official duties, I have become familiar with this civil action and the underlying FOIA request. I make the following statements based upon my personal knowledge and information made available to me in my official capacity. I am submitting this declaration in support of the United States Department of Justice's Motion for an Extension of Time.

3. The purpose of this declaration is to explain and justify BSEE's actions in responding to Plaintiff's FOIA request. For the Court's convenience, I have divided the remainder of this declaration into four sections. Part II provides the Court with background information related to how BSEE typically processes requests under the FOIA; Part III provides information on the administrative processing of Plaintiff's FOIA request that is the subject of the Motion for an Extension of Time; Part IV explains steps taken by BSEE to process Plaintiff's request and the steps that BSEE has taken to review, process, and produce documents that are responsive to Plaintiff's request; and Part V provides the Court with BSEE's timeline for completion of the final response to Plaintiff's request.

II.   **BSEE'S SEACH FOR RESPONSIVE RECORDS IN RESPONSE TO FOIA REQUESTS**

4. Before discussing Plaintiff's specific request, I will first broadly discuss the procedure by which BSEE processes FOIA requests. FOIA requests submitted to BSEE come to BSEE's Headquarters in Sterling, Virginia and/or to one of BSEE's Regional Offices. Upon receipt of a FOIA request, BSEE FOIA assigns a reference number so that the bureau can easily identify each request it receives. Each FOIA request is numbered with the applicable fiscal year followed by the request number. So a FOIA request would be referenced as BSEE-YEAR- #####.

5. Once BSEE FOIA receives a FOIA request in the Gulf of Mexico Regional Office or relating to documents concerning BSEE's Gulf of Mexico Region, an experienced BSEE FOIA Specialist, under the direction·and supervision of the BSEE FOIA Officer or the Regional BSEE FOIA Officer, analyzes the request and determines which BSEE program office or offices may reasonably be expected to possess records responsive to the request. The FOIA Specialist

transmits the request to the FOIA liaison for each of those program offices. When a request is broad, it is common for BSEE FOIA to transmit the request to multiple program office liaisons who then send the request to components within their respective offices. If it is determined that a request sent to BSEE's Gulf of Mexico Region also implicated BSEE HQ or another Regional Office, the Regional BSEE FOIA Officer will coordinate with those FOIA Offices to search for and process documents from those parts of the Bureau. Unless the search asks specifically for only one or the other, both paper and electronic records are searched for all requests.

6. Regardless of office or office component, BSEE employees who perform searches in response to FOIA requests: (a) have access to the pertinent operational and administrative records; (b) are qualified to search for those records; and (c) regularly search those records in the course of their professional duties.

7. After BSEE employees perform the necessary searches for any documents potentially responsive to the FOIA request, BSEE FOIA Specialists review the retrieved documents to determine responsiveness to the request; whether any FOIA exemptions apply to the responsive records, and, if any exemptions apply, whether such records also contain any non-exempt, reasonably segregable information.

8. When all searches and reviews are conducted, the BSEE FOIA Specialist incorporates all of the recommendations regarding exemptions, segregation, redactions, and release; and resolves any conflicting recommendations. The BSEE FOIA Officer or Regional BSEE FOIA Officer then determines, in consultation with DOI's Office of the Solicitor, that withholding determinations comply with DOI's published FOIA regulations, and are legally sound. BSEE FOIA then releases all responsive, non-exempt material to the FOIA requester.

III.   PLAINTIFF'S FOIA REQUEST

9. On August 3, 2015, I received a FOIA request from Plaintiff, through their counsel, Beatty and Wozniak, P.C. The request stated that the same request was sent to DOI's Bureau of Ocean Energy Management and the United States Coast Guard. Attached as "Exhibit A" is a true and correct copy of the request.

10. Plaintiff's request sought:

3

1.  [A]ll studies, analyses, memorandum, and correspondence between and
    among the United States Department of the Interior, BSEE, BOEM and the
    USCG that support the statements on the BSEE website and in Exhibit 1 that:

    a.  "BSEE's current estimate is that the oil discharge from the site, if left
        unchecked, could continue for 100 years or more."
    b.  "However, because the discharge volume is greater than can
        reasonably be accounted for by oil released from sediment only, oil
        is most likely emanating from one or more of the 25 wells."
    c.  "Significant uncertainty exists about future events, including
        discharge sources, cross-flows, pressure recharge in the oil
        reservoirs, evolving technology, and suitable remedial measures."
    d.  "The specific source(s) of discharge at the MC-20 site are not fully
        known."

2.  [A]ll correspondence (emails, letters, faxes, and any other correspondence)
    relating to the statement that "In August 2014, the UC led a joint aerial
    observation workshop that included the Coast Guard, BSEE, NOAA, and
    Taylor Energy's representatives and contractors. At the workshop, the aerial
    observation methodology used to estimate quantity and rate of discharge was
    reviewed and revised." Please specifically include the documentation that the
    methodology used to estimate quantity and rate of discharge was revised.

3.  [A]ll correspondence, and FOIA-related correspondence (emails, letters,
    faxes, and any other correspondence) relating to Taylor or MC20 between
    BOEM and BSEE, and the Associated Press and Michael Kunzelman.

11. On August 5, 2015, BSEE FOIA acknowledged Plaintiff's FOIA request and assigned it the
    tracking number 2015-00243.  BSEE FOIA also took the 10-workday extension in order to
    process the request, and put the request in the complex processing track.   Attached as "Exhibit
    B" is a true and correct copy of the August 4 letter.

12. By letter dated August 25, 2015, BSEE sought clarification regarding the third part of Plaintiff's request. Attached as "Exhibit C" is a true and correct copy of the August 25 letter.

13. By letter dated August 31, 2015, Plaintiff responded to BSEE's request for clarification, perfecting the request. Attached as "Exhibit D" is a true and correct copy of the August 31 letter.

IV.   BSEE'S SEARCH FOR AND REVIEW OF RESPONSIVE RECORDS

14. Under my guidance, BSEE's Gulf of Mexico Region FOIA Office searched for materials responsive to Plaintiff's request. Due to the nature of the information requested, BSEE FOIA determined that the documents responsive to this request would potentially be located in BSEE HQ or any part of BSEE's GOMR Office, including our GOMR District Offices (which include New Orleans, Houma, Lafayette, Lake Jackson, and Lake Charles).

15. As such, we coordinated with the Regional Director, the Deputy Regional Director (a member of the Unified Command team), the Regional Technical Advisor; the Chief of the Well Analysis Section, the Unit Supervisor of the Resource Conservation Section, the Regional Supervisor of Regional Field Operations, the Chief of the Office of Structural and Technical Support, and BSEE's Associate Director for Strategic Engagement to conduct searches of their records for materials responsive to Plaintiff's request.

16. As to Parts 1 and 2 of the request, the BSEE officers searched all their electronic and paper records, and directed those employees who report to them and who they reasonably believed might potentially have responsive records to search as well. Search terms used included the following: Taylor, TEC, Unified Command Center, FRAC, ERA or Ecological Risk Assessment, Sheen, and Flyover. The e-mail searches spanned two e-mail systems since BSEE changed systems in 2012.

17. As to Part 3 of the request, BSEE FOIA searched the BSEE HQ and GOMR FOIA Offices for responsive records. As we anticipated, our responses to Parts 1 and 2 of this request have overlapped greatly with the response to the AP request, and as such also address Part 3 of Plaintiff's request. The response to the FOIA request from AP that underlies this part of Plaintiff's request is not yet complete. We have, however, provided Plaintiff with all the documents released to the AP to date in response to their request. We have determined that the

remaining documents that are responsive to the AP's request may contain Plaintiff's confidential commercial information.  As such, in accordance with our regulations, these documents will be provided to Plaintiff for consultation concerning whether Plaintiff may potentially suffer competitive harm as a result of the potential release to AP, and whether the material should thus be withheld under Exemption 4.

18. BSEE FOIA has completed its search of all locations that would contain records responsive to Plaintiff's request, and ultimately collected approximately 80,000 pages of potentially responsive material, which it processed for responsiveness and potentially exempt material, as well as segregability.

19. BSEE has made several partial releases, and is currently preparing a final release of responsive documents.  By letter of October 7, 2015, BSEE FOIA responded in part to Plaintiff's request, producing 69 documents in full, totaling 188 pages.  These documents were deemed responsive to both Item 1 and Item 3 of Plaintiff's request.  Attached as "Exhibit E" is a true and correct copy of the October 7 letter.

20. By letter of November 10, 2015, BSEE FOIA responded to Plaintiff's request for a progress update.  Attached as "Exhibit F" is a true and correct copy of the November 10 letter.

21. By letter of February 19, 2016, BSEE FOIA partially responded to Plaintiff's request, producing 5 pages in full.  These pages were deemed responsive to Item 3 of Plaintiff's request.  Attached as "Exhibit G" is a true and correct copy of the February 19 letter.

22. By letter of March 3, 2016, BSEE FOIA partially responded to Plaintiff's request, producing 12 pages in full.  These pages were deemed responsive to Item 3 of Plaintiff's request.  Attached as "Exhibit H" is a true and correct copy of the March 3 letter.

23. By letter of September 7, 2016, BSEE FOIA partially responded to Plaintiff's request, citing the names of 4 document groups already in Plaintiff's possession, which were partially responsive to Item 1.  Additionally, we noted two documents were released to the Associated Press, as previously approved by Plaintiff, and partially responsive to Item 3.  This response totaled 180 documents containing 8,931 pages which were released in full.  Attached as "Exhibit I" is a true and correct copy of the September 7 letter.

24. By letter of September 23, 2016, BSEE FOIA partially responded to Plaintiff's request, citing the
names of 3 document groups already in Plaintiff's possession, which were partially responsive to
Item 1. Additionally, we provided a final response to Item 2 of Plaintiff's request citing no
responsive documents were found.  This response totaled 286 documents containing 3,504 pages,
which were released in full. Attached as "Exhibit J" is a true and correct copy of the September
23 letter.

25. In total, BSEE has currently reviewed approximately 80,000 pages for responsiveness and exempt
material, and has produced 12,640 pages to Plaintiff.

V.   BSEE'S PROPOSED SCHEDULE FOR COMPLETING RESPONSE TO PLAINTIFF'S
     REQUEST

26. BSEE FOIA is currently completing its review of a final batch of approximately 3,500 pages of
documents responsive to Plaintiff's request.  We estimate that we will withhold approximately
500 pages of responsive documents in part or in full under Exemption 5 in this final release.  We
are also preparing a *Vaughn* Index that will describe in detail and justify these withholdings.

27. The review and processing of the potentially responsive documents has been particularly
challenging and time-consuming.  Some documents required consultation with other agencies .
The highly technical nature of some of the material required extensive consultation with
specialized subject-matter experts at BSEE in order to aid BSEE FOIA in making determinations
regarding responsiveness and releasability.  BSEE FOIA's response has also been delayed by
limited staffing resources and the processing of other large and complex FOIA requests received
before Plaintiff's.

28. BSEE anticipates that completing the processing of the remaining documents responsive to
Plaintiff's FOIA request and the *Vaughn* Index will take three weeks.

29. This estimate accounts for the final determinations by BSEE FOIA regarding release and
withholding of the remaining responsive documents; the final preparation of documents to be
released to Plaintiffs; and the preparation of the *Vaughn* Index.

30. For the foregoing reasons, BSEE FOIA requires three more weeks in order to complete
processing of Plaintiff's FOIA request and preparation of the *Vaughn* Index.  BSEE FOIA

believes it can respond in full to Plaintiff's FOIA request by November 4, 2016.  Accordingly, I respectfully submit this declaration in Support of the Government's Motion for an Extension of Time, permitting BSEE the necessary time to complete its response to Plaintiff's FOIA request.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 14 day of October 2016.

Karen Miller
Chief, FOIA/Records Office and FOIA Officer
Bureau of Safety and Environmental Enforcement
Gulf of Mexico Region
United States Department of the Interior

# EXHIBIT A

## BEATTY & WOZNIAK, P.C.

ATTORNEYS AT LAW

216 SIXTEENTH STREET, SUITE 1100
DENVER, COLORADO 80202-5115
TELEPHONE (303) 407-4499
FACSIMILE (303) 407-4494
www.bwenergylaw.com

COLORADO
———
NEW MEXICO
———
NORTH DAKOTA
———
UTAH
———
WYOMING

WILLIAM SPARKS

303-407-4437
WSPARKS@BWENERGYLAW.COM

August 3, 2015

VIA E-MAIL

Debbie Kimball
Bureau of Safety and Environmental Enforcement
Mail Stop: VAE-BSEE FOIA
45600 Woodland Road
Sterling, VA 20166
BSEEFOIA@bsee.gov

Rosemary Melendy
BOEM FOIA Officer
Bureau of Ocean Energy Management
45600 Woodland Road,
Sterling, Virginia 20166
BOEMFOIA@boem.gov

Regional FOIA Coordinator
Bureau of Safety and Environmental Enforcement
Mail Stop: GE 555A
1201 Elmwood Park Blvd.
New Orleans, LA 70123-2394
Telephone: 504-736-2991
BSEEFOIAOfficeGulfofMexicoOCSRegion@bsee.gov

*Re: Freedom of Information Act Request*

Dear Ms. Melendy and Ms. Kimball:

On behalf of Taylor Energy Company LLC, this is a request for information pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Department of the Interior's implementing regulations under FOIA, 43 C.F.R. Part 2. The documents requested are "agency records" as defined by 43 C.F.R. § 2.3(c).

This identical request is being sent to the Bureau of Safety and Environmental Enforcement (BSEE), the Bureau of Ocean Energy Management (BOEM), and the United States Coast Guard (USCG).

1

BSEE provides information on its website[1] related to Taylor Energy Company LLC's Mississippi Canyon Block 20 (MC20) lease block, response, and the MC20A destroyed platform. The USCG also includes a "Fact Sheet" that is posted on the BSEE website.[2] Copies of these website printouts are included in Exhibit 1. In accordance with FOIA:

1. Please produce and deliver all studies, analyses, memorandum, and correspondence between and among the United States Department of the Interior, BSEE, BOEM and the USCG that support the statements on the BSEE website and in Exhibit 1 that:

    a. "BSEE's current estimate is that the oil discharge from the site, if left unchecked, could continue for 100 years or more."

    b. "However, because the discharge volume is greater than can reasonably be accounted for by oil released from sediment only, oil is most likely emanating from one or more of the 25 wells."

    c. "Significant uncertainty exists about future events, including discharge sources, cross-flows, pressure recharge in the oil reservoirs, evolving technology, and suitable remedial measures."

    d. "The specific source(s) of discharge at the MC-20 site are not fully known."

2. Please produce all correspondence (emails, letters, faxes and any other correspondence) relating to the statement that "In August 2014, the UC led a joint aerial observation workshop that included the Coast Guard, BSEE, NOAA, and Taylor Energy's representatives and contractors. At that workshop, the aerial observation methodology used to estimate quantity and rate of discharge was reviewed and revised." Please specifically include the documentation that the methodology used to estimate quantity and rate of discharge was revised.

3. Please produce all correspondence, and FOIA-related correspondence (emails, letters, faxes and any other correspondence) relating to Taylor or MC20 between BOEM and BSEE, and the Associated Press and Michael Kunzelman.

The agency records sought are in the possession of BSEE, BOEM, or other officials within the U.S. Department of the Interior. *See* 43 C.F.R. § 2.7(d).

In addition, as you are aware, FOIA (5 U.S.C. § 552(b)) contains a comprehensive list of exemptions for categories of documents not subject to disclosure. *See* 5 U.S.C. § 552(b).

---

[1] http://www.bsee.gov/Inspection-and-Enforcement/Accidents-and-Incidents/Taylor-Energy/Taylor-Energy/Mississippi-Canyon-20-(MC20)-Oil-Discharge/; http://www.bsee.gov/Inspection-and-Enforcement/Accidents-and-Incidents/Taylor-Energy-Oil-Discharge-at-MC-20-Site-and-Ongoing-Response-Efforts/.

[2] http://www.bsee.gov/Inspection-and-Enforcement/Accidents-and-Incidents/Taylor-Energy-U-S--Coast-Guard-Fact-Sheet/;

Taylor is aware of no exemption that would shield BSEE or BOEM from providing the basis and support for information on its website. In your response, please identify which documents are responsive to each numbered request or indicate that you have no responsive documents for each numbered response.

Pursuant to 43 C.F.R. § 2.16, BSEE and BOEM have 20 workdays from the date of receipt of this letter to provide their responses. Timely responses to this request will be greatly appreciated.

This a commercial use request. This letter further serves as our agreement to pay any lawful and reasonable costs incurred in responding to this request up to a maximum of $1,000.00. Please contact me via telephone before incurring costs in excess of this amount.

Please do not hesitate to contact me for clarification of this request. Thank you for your consideration.

Sincerely,

BEATTY & WOZNIAK, P.C.

William E. Sparks

An Attorney for Taylor Energy Company LLC

3

Taylor Energy/Mississippi Canyon 20 (MC20) Oil Discharge | BSEE               Page 1 of 1



Home Page > Inspections and Enforcement

## TAYLOR ENERGY/MISSISSIPPI CANYON 20 (MC20) OIL DISCHARGE

Joint DOI-USCG Statement:

The Bureau of Safety and Environmental Enforcement (BSEE) has notified Taylor Energy that funds provided by Taylor Energy in accordance with the Trust Agreement in 2008 must remain in the Trust to provide for further decommissioning activities. Federal regulations and the 2008 Trust Agreement require that Taylor Energy decommission all of the wells at the site.

The U.S. Coast Guard, as the Federal On Scene Coordinator (FOSC) under a Unified Command (UC) which includes the BSEE, the Bureau of Ocean Energy Management (BOEM), and the Responsible Party, Taylor Energy, continues to monitor and respond to discharges from Taylor Energy's Mississippi Canyon 20A (MC-20A) well site resulting from damage to the oil production platform and 25 connected wells during Hurricane Ivan in 2004. The multi-agency effort will continue its work to prevent and control the discharge, improve the effectiveness of containment around the leaking oil, and mitigate environmental impacts.

The Coast Guard, as the FOSC, facilitates UC meetings with Taylor Energy and federal inter-agency representatives, including BSEE and BOEM, to ensure an effective response posture is being maintained at the field level. The UC's collaborative efforts have resulted in the removal of the platform deck, removal of subsea debris, decommissioning of the oil pipeline, and intervention of nine of the 25 impacted wells. Taylor Energy, as the responsible party, has a continuing legal obligation and responsibility to pay for oil spill recovery and response costs under the Oil Pollution Act of 1990.

Taylor Energy Oil Discharge at MC 20 Site and Ongoing Response Efforts

Taylor Energy U.S. Coast Guard Fact Sheet

# EXHIBIT 1



Home Page > Inspections and Enforcement

# TAYLOR ENERGY OIL DISCHARGE AT MC-20 SITE AND ONGOING RESPONSE EFFORTS



The Department of the Interior's Bureau of Safety and Environmental Enforcement (BSEE) and the Bureau of Ocean Energy Management (BOEM) have worked with the U.S. Coast Guard under a Unified Command to monitor and respond to discharges from Taylor Energy's Mississippi Canyon 20 (MC-20) site since the oil production platform and 25 of 28 connected wells were impacted and damaged during Hurricane Ivan in 2004. The multi-agency effort has worked continuously to prevent and control the oil discharge, improve the effectiveness of containment around the source of the oil discharge, and mitigate environmental impacts.

BSEE and the Coast Guard have also worked closely with representatives of Taylor Energy to mitigate the impacts of the discharge associated with the felled platform. Collaborative efforts have resulted in removal of the platform deck, removal of subsea debris, decommissioning of the oil pipeline, and efforts to plug nine of the 25 impacted wells. Despite these efforts, there is an ongoing oil discharge from Taylor Energy's MC-20 site.

Based on data collected from nearly daily overflights since September 2014, oil sheens have been observed and reported by Taylor Energy to be as large as 1.5 miles wide and 14 miles long, with an average of 1 mile wide and 5.5 miles long, covering an average area of 8 square miles. Over this period, the daily volume of oil discharging from the MC-20 site has fluctuated between a low of less than one barrel of oil (1 barrel = 42 gallons) to a high of 55 barrels (2,329 gallons). The average reported daily oil volume on the sea surface over the past seven months has been over 2 barrels (84 gallons); the volume on over 75 days was greater than 1 barrel, including 23 days of volume greater than 3.8 barrels (160 gallons) and 4 days greater than 35 barrels (1,470 gallons). These spill size and volume estimates are based on reports submitted by Taylor Energy's contractors to the National Response Center (NRC). All NRC reports can be viewed at www.nrc.uscg.mil.

BSEE's current estimate is that the oil discharge from the site, if left unchecked, could continue for 100 years or more.

The specific source(s) of discharge at the MC-20 site are not fully known. However, because the discharge volume is greater than can reasonably be accounted for by oil released from sediment only, oil is most likely emanating from one or more of the 25 wells.

Taylor had originally been ordered by the Minerals Management Service (MMS) in October 2007 to permanently plug and abandon all the wells by June 2008. In November 2007, MMS issued Taylor an order to provide supplemental bonding to guarantee performance of Taylor's decommissioning obligations at the site. In December 2007, MMS ordered Taylor to prevent any 2 further hydrocarbon seepage from the MC-20 site. In February 2008, MMS sent Taylor a Notice of Incident of Noncompliance for failure to provide the required supplemental bonding.

The Department of the Interior and Taylor Energy entered into a Trust Agreement in 2008 wherein Taylor Energy committed funds to fulfill obligations under the Outer Continental Shelf Lands Act (OCSLA) regarding the MC-20 site. By entering into

the Agreement, Taylor Energy fulfilled its supplemental bonding obligations and resolved the pending administrative citation with respect to those obligations. Decommissioning of the wells at the site, required under the regulations and the 2008 Trust Agreement, has not yet been completed. For example, not all of the wells have been permanently plugged and abandoned. Future work to be performed under the Trust Agreement will be determined based on site conditions and the availability of applicable technology.

In addition to its obligations under OCSLA, pursuant to the Oil Pollution Act (OPA) and BOEM regulations, Taylor Energy is required to provide evidence of financial responsibility (e.g., bond, insurance) demonstrating that it can fulfill its OPA obligations (e.g. removal, compensation for damages) for oil spills from the MC-20 site.

Significant uncertainty exists about future events, including discharge sources, cross-flows, pressure recharge in the oil reservoirs, evolving technology, and suitable remedial measures.

There is still more that can be done by Taylor to control and contain the oil that is discharging from the MC-20 site. BSEE and BOEM are committed to working with the Unified Command to contain and stop the ongoing oil spill.



Home Page > Inspections and Enforcement

# TAYLOR ENERGY U.S. COAST GUARD FACT SHEET



*13 May 2015*

### U. S. Coast Guard Fact Sheet

### Taylor Energy Oil Discharge at MC-20AWell Site and Ongoing Response Efforts

The U.S. Coast Guard, as the Federal On Scene Coordinator (FOSC) under a Unified Command (UC) which includes the Bureau of Safety and Environmental Enforcement (BSEE), the Bureau of Ocean Energy Management (BOEM), and the Responsible Party, Taylor Energy, has monitored and responded to discharges from Taylor Energy's Mississippi Canyon 20A (MC-20A) well site resulting from damage to the oil production platform and 25 connected wells during Hurricane Ivan in 2004. The multi-agency effort has worked continuously to prevent and control the discharge, improve the effectiveness of containment around the leaking oil, and mitigate environmental impacts.

Taylor Energy is the Responsible Party required to pay for oil spill recovery and response costs under the Oil Pollution Act of 1990 (OPA). As the Responsible Party, Taylor Energy has a continuing legal obligation to respond to the ongoing oil discharge from the MC-20A well site and must comply with the Coast Guard's Administrative Orders.

The FOSC is responsible for directing and overseeing all response operations associated with the discharge of oil into the Gulf of Mexico from the Taylor Energy MC-20A well site. The Coast Guard, as the FOSC, facilitates UC meetings with Taylor Energy and federal inter-agency representatives, including BSEE and BOEM, to ensure an effective response posture is being maintained at the field level. The UC's collaborative efforts have resulted in the removal of the platform deck, removal of subsea debris, decommissioning of the oil pipeline, and intervention of nine of the 25 impacted wells.

Unified Command Activities and Key Milestones

Oil that is discharging into the Gulf of Mexico from the well site is rising to the ocean surface and causing a visible oil sheen. From 2004-2008, the Coast Guard's involvement in Taylor Energy was minimal due to no observed sheen in the vicinity of the MC-20A well site. However, in 2008, after the MC-20A site was identified as the source of daily sheen reports, a UC was established with Taylor Energy, USCG, BSEE, & BOEM to direct response efforts for the on-going releases from the Taylor Energy MC-20A well site.

In 2008, the Coast Guard issued Taylor Energy an Administrative Order that required Taylor Energy to, among other things, conduct daily overflights of the MC-20A well site to visually monitor the oil discharges. Taylor contracts daily overflights of the area, with support from Coast Guard pollution responders and BSEE personnel, to monitor the discharge and report findings regarding the presence and estimated volume of oil on the ocean surface to the National Response Center (NRC). In the even

In 2009, a subsea containment system (domes placed over projected leaking well sites) was installed on the seafloor at the MC-20A site.

By 2011, efforts had been taken to plug nine of the wells, with 10 wells remaining to be addressed. In addition, subsea debris, including the platform deck, was removed and the oil pipeline was decommissioned.

In March 2012, an incident action plan (IAP) was approved by the UC that established standard procedures for monitoring the site and responding to discharges.

In 2012, due to problems with the original containment system, the FOSC issued an Administrative Order requiring the design, construction, and installation of a new containment dome that will more effectively capture the on-going discharge from the site. Along with the design specs, the AO directs Taylor Energy to submit

a written plan including a projected timeline for fabrication and installation. As of May 1, 2015, the final engineering design of the new dome is not complete, and the dome has not been installed.

In 2013, the last remaining operational containment dome was decommissioned due to damaged components and lack of efficiency/recovery of oil.

In August 2014, the UC led a joint aerial observation workshop that included the Coast Guard, BSEE, NOAA, and Taylor Energy's representatives and contractors. At this workshop, the aerial observation methodology used to estimate quantity and rate of discharge was reviewed and revised. The Coast Guard and NOAA have placed observers on the Taylor Energy-contracted flights to verify the new approach is being adhered to. The Coast Guard believes that the consistency of sheen size and rate of discharge estimates from reporting parties has improved since this workshop.

In addition to Taylor Energy's flights, the Coast Guard and NOAA periodically conduct their own overflights to validate sheen reporting methodology and retain independent oversight.

The reported extent (size, dimensions, character) of the observed oil is a result of very dynamic and highly variable environmental conditions such as sea state, wind speed, and water currents. Calculations of daily oil volume are estimates based on observations of percent cover, sheen color, and dimensions. As such, there is some natural variability in reports.

Based on data collected from nearly daily overflights since September 2014, oil sheens have been observed and reported by Taylor Energy to be as large as 1.5 miles wide and 14 miles long, with an average of 1 mile wide and 6.5 miles long, covering an average area of 8 square miles. Over this period, the daily volume of oil discharging from the MC-20 well site has fluctuated between a low of less than one barrel (1 barrel = 42 gallons) to a high of 55 barrels of oil (2,329 gallons). The average reported daily oil volume on the sea surface over the past seven months has been in the range of over 2 barrels (84 gallons); the volume on over 76 days was greater than 1 barrel, including 23 days of volume greater than 3.8 barrels (160 gallons) and 4 days greater than 35 barrels (1,470 gallons). These spill size and volume estimates are based on reports submitted by Taylor Energy's contractors to the NRC. All NRC reports can be viewed at www.nrc.uscg.mil.

The Coast Guard, working with the UC members, is committed to exploring all options to control and contain the oil that is discharging from the well site and to ensure Taylor Energy will work to permanently stop the ongoing oil spill. The Coast Guard remains committed to Responsible Party oversight and coordination to:

Contain and recover as much discharge product as possible;

Mitigate environmental impacts; and

Pursue all available response options.

**EXHIBIT B**

In Reply Refer To:  MS GE 555A                **AUG 5 2015**
(FOIA Request No. 2015-00243)


CERTIFIED MAIL –
RETURN RECEIPT REQUESTED

Mr. William Sparks
Beatty & Wozniak
216 Sixteenth Street
Suite 1100
Denver, Colorado  80202-5115

Dear Mr. Sparks:

The Bureau of Safety and Environmental Enforcement has received
your Freedom of Information Act (FOIA) request, sent via e-mail
and dated August 3, 2015.  You have requested several documents
specific to Taylor Energy Company LLC's Mississippi Canyon
Block 20 (MC20) and the MC20A platform.  We have assigned your
request number 2015-00243; please reference this number on any
correspondence concerning this request.

Due to the need to gather documents from other offices, we are
taking a 10-workday extension under the Department of the
Interior's (the Department's) FOIA regulations (43 CFR 2.19(a)(1)
and (2)) in order to properly process your request.  We note that
your request has been placed in the complex processing track in
accordance with the date it was received.  There are currently
17 requests in the queue that were received prior to yours.

You may file an appeal of the delay in responding to your FOIA
request any time after the time limit for responding to your
request (including the 10-workday extension) has passed.  We have
calculated that date to be September 15, 2015.  Your appeal must
be in writing and addressed to:

      Freedom of Information Act Appeals Officer
      Department of the Interior
      Office of the Solicitor
      1849 C Street, N.W., MS 6556 MIB
      Washington, D.C. 20240

2

Telephone:  (202) 208-5339
Fax:  (202) 208-6677
e-mail:  foia.appeals@sol.doi.gov

Appeals arriving or delivered after 5 p.m. E.T., Monday through
Friday, will be deemed received on the next workday.  You must
include with your appeal copies of all correspondence between you
and the Bureau concerning your FOIA request, including a copy of
your original FOIA request and this letter informing you of the
delay in responding to your FOIA request.  Failure to include
this documentation with your appeal will result in the
Department's rejection of your appeal.  The appeal should be
marked, both on the envelope and the face of the letter, with the
legend, "FREEDOM OF INFORMATION APPEAL."

The 2007 FOIA amendments created the Office of Government
Information Services (OGIS) to offer mediation services to
resolve disputes between FOIA requesters and Federal agencies as
a non-exclusive alternative to litigation.  Using OGIS services
does not affect your right to pursue litigation.  You may contact
OGIS in any of the following ways:

        Office of Government Information Services
        National Archives and Records Administration
        8601 Adelphi Road - OGIS
        College Park, MD  20740-6001
        e-mail:  ogis@nara.gov
        Web:  https://ogis.archives.gov
        Telephone:  (202) 741-5770
        Fax:  (202) 741-5769
        Toll-free:  (877) 684-6448

If you have any questions, please feel free to contact Ms. Angela
Distefano either by telephone at (504) 731-7859 or by e-mail at
angela.distefano@bsee.gov.

                Sincerely,


        O/S Angela R. Distefano for

                Karen M. Miller
                Freedom of Information Act Officer

# EXHIBIT C

In Reply Refer To:  MS GE 555A                    **Aug 25 2015**
(FOIA Request No. 2015-00243)


Mr. William Sparks
Beatty & Wozniak, P.C.
216 Sixteenth Street,
    Suite 1100
Denver, Colorado  80202-5115

Dear Mr. Sparks:

This is in regards to your Bureau of Safety and Environmental
Enforcement (BSEE) Freedom of Information Act (FOIA) request,
Number 2015-00243, dated August 3, 2015.  You requested the
following information:

1.  All studies, analyses, memorandum, and correspondence
    between and among the United States Department of the
    Interior, Bureau of Ocean Energy Management (BOEM),
    BSEE and the United States Coast Guard (USCG) that
    support the statements on the BSEE website and in
    Exhibit 1 that:

    a.  "BSEE's current estimate is that the oil discharge
        from the site, if left unchecked, could continue
        for 100 years or more."

    b.  "However, because the discharge volume is greater
        than can reasonably be accounted for by oil
        released from sediment only, oil is most likely
        emanating from one or more of the 25 wells."

    c.  "Significant uncertainty exists about future
        events, including discharge sources, cross-flows,
        pressure recharge in the oil reservoirs, evolving
        technology, and suitable remedial measures."

    d.  "The specific source(s) of discharge at the MC-20
        site are not fully known."

2. All correspondence (emails, letters, faxes and any other correspondence) relating to the statement that "In August 2014, the UC led a joint aerial observation workshop that included the Coast Guard, BSEE, NOAA, and Taylor Energy's representatives and contractors.  At that workshop, the aerial observation methodology used to estimate quantity and rate of discharge was reviewed and revised."  Please specifically include the documentation that the methodology used to estimate quantity and rate of discharge was revised.

3. All correspondence, and FOIA-related correspondence (emails, letters, faxes and any other correspondence) relating to Taylor or MC20 between BOEM and BSEE, and the Associated Press and Michael Kunzelman.

### <u>Clarification of Your Request is Required<br>for Processing to Begin</u>

The FOIA requires that requests describe the records sought with sufficient detail to allow an agency employee, familiar with the subject area of the request, to locate the records with a reasonable amount of effort.  Item #3 of your request does not adequately describe the records sought.  Therefore, we are unable to process your request at this time.

If you wish to pursue your request, please provide the following:

- A time frame for the records described in the item #3 in your request.
- Clarification of the parties whom the correspondence is "between."  As item #3 is currently written, the correspondence would contain all identified parties i.e., BOEM *and* BSEE *and* Michael Kunzelman *and* the Associated Press.  Please clarify if you intended for BSEE to search for correspondence between BSEE *and* Michael Kunzelman, or BSEE *and* the Associated Press, or if all of the records you seek would include all of the identified parties as described above.

According to our regulations, if we do not receive your written response clarifying what records you are looking for <u>within 20 workdays from the date of this letter</u>, we will presume that you are no longer interested in pursuing your request and we will close our file on it.  *See* 43 C.F.R. § 2.5(d).  Please send the

requested clarification to us via e-mail at
BSEEFOIAOfficeGulfofMexicoOCSRegion@bsee.gov or via postal
mail at BSEE FOIA/Records Office, 1201 Elmwood Park Boulevard,
MS 555A, New Orleans, Louisiana 70123-2394.

In addition, in your request you state:

>This identical request is being sent to BSEE and BOEM.

>The agency records sought are in the possession of BSEE,
>BOEM, or other officials within the U.S. Department of the
>Interior. *See* 43 C.F.R. § 2.7(d)."

While your request seeks records from other unspecified Bureaus
within the Department of the Interior (the Department), you sent
the request to both BSEE and BOEM.  BSEE will only search for
and review agency records in its possession and control once it
receives the clarification of your request described above.  We
are notifying you, at this time, that if you seek records from
other Bureaus within the Department, you should submit the
request directly to those Bureaus.  *See* 43 C.F.R. § 2.4(f).

If you interpret this response to be a denial of your request,
you have the right to appeal this decision by writing to the
address below.

>Freedom of Information Act Appeals Officer
>Department of the Interior
>Office of the Solicitor
>1849 C Street, NW, MS 6556 MIB
>Washington, DC 20240
>Telephone:  (202) 208-5339
>Fax:  (202) 208-6677
>e-mail:  foia.appeals@sol.doi.gov

Your appeal must be made in writing and received no later than
30 workdays after the date of this letter.  The appeal should be
marked, both on the envelope and the face of the appeal letter,
with the legend "FREEDOM OF INFORMATION APPEAL."  You must
include an explanation of why you believe the Bureau's response
is in error.  You must also include with your appeal copies of
all correspondence between you and BSEE concerning your FOIA
request, including your original FOIA request and BSEE's
response.  Failure to include with your appeal all
correspondence between you and BSEE will result in the
Department's rejection of your appeal.

Please include your name and daytime telephone number (or the name and telephone number of an appropriate contact) and an e-mail address in case the FOIA Appeals Officer needs additional information or clarification of your appeal.

Lastly, we have classified you as a "commercial use" requester. As such, we may charge you for all search, review and duplication costs for processing this request.  *See* 43 C.F.R. § 2.39.

You have agreed to pay up to $1,000 for the processing of your request.  We will notify you if the estimated fees for this request will exceed that amount.

If you have any questions, please feel free to contact Ms. Angela Distefano at (504) 731-7859 or by e-mail at angela.distefano@bsee.gov.

Sincerely,

**O/S Angela R. Distefano for**

Karen M. Miller
Freedom of Information Act Officer

# EXHIBIT D

# BEATTY & WOZNIAK, P.C.

## ATTORNEYS AT LAW

216 SIXTEENTH STREET, SUITE 1100
DENVER, COLORADO 80202-5115
TELEPHONE (303) 407-4499
FACSIMILE (303) 407-4494
www.bwenergylaw.com

COLORADO

NEW MEXICO

NORTH DAKOTA

UTAH

WYOMING

WILLIAM SPARKS

303-407-4437
WSPARKS@BWENERGYLAW.COM

August 31, 2015

<u>VIA E-MAIL</u>

Karen Miller
Chief, FOIA/Records Office and FOIA Officer
Bureau of Safety and Environmental Enforcement
Gulf of Mexico Region
(504) 736-2964
karen.miller@bsee.gov
BSEEFOIAOfficeGulfofMexicoOCSRegion@bsee.gov

Angela Distefano
FOIA Officer
Bureau of Safety and Environmental Enforcement
Gulf of Mexico Region
(504) 731-7859
angela.distefano@bsee.gov

  *Re: FOIA Request No. 2015-00243*
   *MS GE 555A*

Dear Ms. Miller and Ms. Distefano:

  This letter is in response to the letter dated August 25, 2015 regarding the Freedom of Information Act (FOIA) request sent on behalf of Taylor Energy Company LLC (Taylor) regarding agency records in the possession of the Bureau of Safety and Environmental Enforcement (BSEE), including records related to Taylor's response and operations at Mississippi Canyon Block 20 (MC20) in the Gulf of Mexico.

  BOEM requests clarification of Request No. 3 that states:

3. Please produce all correspondence, and FOIA-related correspondence (emails, letters, faxes and any other correspondence) relating to Taylor or MC20 between BOEM and BSEE, and the Associated Press and Michael Kunzelman.

  For Request No. 3, we request all communications between BSEE and the Associated Press regarding Taylor or MC20. This also includes all communications between BSEE and Michael Kunzelman (who works for the Associated Press) regarding Taylor or MC20. This request does not request interagency communications between BOEM and BSEE.

1

Taylor requests the communications described above over the past year.

I understand that you will only be seeking records within the possession of BOEM.

Please do not hesitate to contact me if you have any further questions or concerns regarding Request No. 3. We look forward to BOEM's timely response to all of our FOIA requests.

Sincerely,

BEATTY & WOZNIAK, P.C.

William E. Sparks

An Attorney for Taylor Energy Company LLC

2

# EXHIBIT E

In Reply Refer To:  MS GE 555A            **OCT 7 2015**
(FOIA Request No. 2015-00243)


CERTIFIED MAIL –
RETURN RECEIPT REQUESTED

Mr. William Sparks
Beatty & Wozniak
216 Sixteenth Street
Suite 1100
Denver, Colorado  80202-5115

Dear Mr. Sparks:

This letter is in regards to your Freedom of Information Act
(FOIA) request, Number 2015-00243, dated August 3, 2015.  You
requested the following information:

Item No. 1:  Please produce and deliver all studies,
analyses, memorandum, and correspondence between and among
the United States Department of the Interior, BSEE, BOEM
and the USCG that support the statements on the BSEE
website and in the Fact Sheets released by BSEE and the USCG
on or around May of 2015 that state:

a.  "BSEE's current estimate is that the oil discharge
from the site, if left unchecked, could continue for
100 years or more."

b.  "However, because the discharge volume is greater
than can reasonably be accounted for by oil released from
sediment only, oil is most likely emanating from one or
more of the 25 wells."

c.  "Significant uncertainty exists about future
events, including discharge sources, cross-flows, pressure
recharge in the oil reservoirs, evolving technology, and
suitable remedial measures."

2

     **d.**  "The specific source(s) of discharge at the MC-20 site are not fully known."

     **Item Number 2:**  Please produce all correspondence (emails, letters, faxes and any other correspondence) relating to the statement that "In August 2014, the UC led a joint aerial observation workshop that included the Coast Guard, BSEE, NOAA, and Taylor Energy's representatives and contractors.  At that workshop, the aerial observation methodology used to estimate quantity and rate of discharge was reviewed and revised."  Please specifically include the documentation that the methodology used to estimate quantity and rate of discharge was revised.

     **Item Number 3:**  We request all communications between BSEE and the Associated Press (AP) regarding Taylor or MC20. This also includes all communications between BSEE and Michael Kunzelman (who works for AP) regarding Taylor or MC20.  This request does not request interagency communications between BOEM and BSEE.  Taylor requests the communications over the past year.

In partial response to Item Number 1 of your request, BSEE's Gulf of Mexico OCS Region office has thus far located 69 documents, totaling 173 pages.  After reviewing the documents, we have determined that all 69 documents may be released in full.  The releasable material is provided on the enclosed CD.

In partial response to Item Number 3 of your request, the 69 documents responsive to Item Number 1 of your request are the same documents that were released to Mr. Kunzelman.  In addition, we are also including a copy of the original FOIA requests submitted by Mr. Kunzelman and the response letters that were sent.  All of this information is also included on the enclosed CD.

Additional searches for records responsive to Item Numbers 1 and 3 of your request, as well as searches for records responsive to Item 2 are still in progress.  Any responsive records located as the result of these searches will be reviewed and provided to you on an ongoing basis until all processing of your request has been completed.

3

If you have any questions, please feel free to contact Ms. Angela
Distefano by telephone at (504) 731-7859 or by e-mail at
angela.distefano@bsee.gov.

                        Sincerely,



                        Karen M. Miller
                        Freedom of Information Act Officer

Enclosure

# EXHIBIT F

In Reply Refer To:  MS GE 555A          **NOV 10 2015**
(FOIA Request No. 2015-00243)


CERTIFIED MAIL –
RETURN RECEIPT REQUESTED

Ms. Malinda Morain
Beatty & Wozniak
216 Sixteenth Street
  Suite 1100
Denver, Colorado  80202-5115

Dear Ms. Morain:

This is in regards to your Freedom of Information Act (FOIA)
request, Number 2015-00243.  In your letter, sent via e-mail
and dated November 3, 2015, you have asked for an update on
this request.

At this time there are 12 requests that have been received in
our office prior to yours, five (5) of which are complex in
nature and require large document productions.  We are
continuing to work through your request as diligently as
possible.  We appreciate your patience and apologize for any
inconvenience the delay may cause you.

In our acknowledgement letter to you dated August 5, 2015, we
provided you with appeal rights.  Should you need additional
information regarding FOIA Administrative Appeals, you may
review our FOIA regulations at 43 C.F.R. Part 2, Subpart H.

If you have further questions, please feel free to contact
Ms. Angela Distefano either by telephone at (504) 731-7859 or
by e-mail at angela.distefano @bsee.gov.

                         Sincerely,




                         Karen M. Miller
                         Freedom of Information Act Officer

# EXHIBIT G

In Reply Refer To:  MS GE 555A                    **FEB 19 2016**
(FOIA Request No. 2015-00243)


CERTIFIED MAIL –
RETURN RECEIPT REQUESTED

Mr. William Sparks
Beatty & Wozniak
216 Sixteenth Street, Suite 1100
Denver, Colorado  80202-5115

Dear Mr. Sparks:

This is in regards to your Freedom of Information Act (FOIA)
request, Number 2015-00243, dated August 3, 2015.

In Item Number 3 of your request you asked for all communications
between BSEE and Mr. Michael Kunzelman with the Associated Press
regarding Taylor or Mississippi Canyon 20.  In a second partial
response to this item of your request, we released, as per your
approval, a five (5) page letter to Mr. Kunzelman.

Additional searches for records responsive to Item Numbers 1 and 3
of your request, as well as searches for records responsive to Item
Number 2 are still in progress.  Any responsive records located as
the result of these searches will be reviewed and provided to you
on an ongoing basis until all processing of your request has been
completed.

If you have any questions please feel free to contact Ms. Angela
Distefano at (504) 731-7859 or by e-mail at angela.distefano
@bsee.gov.

                          Sincerely,



                          Karen M. Miller
                          Freedom of Information Officer


Enclosure

# EXHIBIT H

In Reply Refer To:  MS GE 555A                    **MAR 3 2016**
(FOIA Request No. 2015-00243)


CERTIFIED MAIL –
RETURN RECEIPT REQUESTED

Mr. William Sparks
Beatty & Wozniak
216 Sixteenth Street, Suite 1100
Denver, Colorado   80202-5115

Dear Mr. Sparks:

This is in regards to your Freedom of Information Act request,
Number 2015-00243, dated August 3, 2015.

In Item Number 3 of your request you asked for all communications
between the Bureau of Safety and Environmental Enforcement and
Mr. Michael Kunzelman with the Associated Press regarding Taylor or
Mississippi Canyon 20.  In a third partial response to this item of
your request, we released, as per your approval, a 12-page document
to Mr. Kunzelman.

Additional searches for records responsive to Item Numbers 1 and 3
of your request, as well as searches for records responsive to Item
Number 2 are still in progress.  Any responsive records located as
the result of these searches will be reviewed and provided to you
on an ongoing basis until all processing of your request has been
completed.

If you have any questions please feel free to contact Ms. Angela
Distefano at (504) 731-7859 or by e-mail at angela.distefano
@bsee.gov.

                        Sincerely,




                        Karen M. Miller
                        Freedom of Information Officer


Enclosure

# EXHIBIT I

In Reply Refer To:  MS GE 555A                    **SEP 07 2016**
(FOIA Request No. 2015-00243)


CERTIFIED MAIL –
RETURN RECEIPT REQUESTED

Mr. William Sparks
Beatty & Wozniak
216 Sixteenth Street, Suite 1100
Denver, Colorado  80202-5115

Dear Mr. Sparks:

This letter is in regards to your Freedom of Information Act
(FOIA) request, Number 2015-00243, dated August 3, 2015.  You
requested information on the following items:

> **Item Number 1:**  Supporting information regarding statements
> made in the May 2015 Fact Sheets released by the Bureau of
> Safety and Environmental Enforcement (BSEE) and the United
> States Coast Guard regarding:
>
> a)   Oil is being discharged from the Mississippi
>      Canyon 20 (MC 20) site, and if left unchecked,
>      could continue for 100 years or more;
> b)   since the discharge volume is greater than can
>      reasonably be accounted for by oil released from
>      sediment only, oil is most likely emanating from
>      one or more of the 25 wells"; and
> c)   the specific source(s) of discharge at the MC 20
>      site is not fully known."

In partial response to these items BSEE requests that your office
refer to the documents that were distributed to both BSEE and
Taylor Energy Company LLC (Taylor) titled:

> 1. The May 13-15, 2013, Consensus Ecological Risk
>    Assessment Workshop Report (CERA) document and all of
>    the supporting reports and tables;
>
> 2. The March 25-26, 2013, Final Risk Assessment and Cost
>    Estimate (FRACE) Workshop document and all of the
>    supporting reports and tables;

3. The 25 Unified Command (UC) "Well Review Binders" and
   the "Risk Category" table that was an insert in each of
   the binders;

4. The February 17, 2012, Stuart Wright Report, which was
   part of the FRACE Workshop document.

**Item Number 3:**  We request all communications between BSEE
and the Associated Press regarding Taylor or MC20.

In partial response to Item Number 3 of your request, and as
per your July 15, 2016, response letter to BSEE, we have released
two (2) documents to Mr. Mike Kunzelman which you approved for
release.  These included the CERA report and the "Assessment of
Potential Remaining Hydrocarbon Bearing Formations" report.

As additional documents are released to Mr. Kunzelman, we will
provide you with notification of these documents as well.

Should you need additional copies of any of the documents
mentioned in this letter, please let us know and we will provide
them to you.

Searches for records regarding your request are still in
progress.  Any responsive records located as the result of these
searches will be reviewed and provided to you on an ongoing basis
until all processing of your request has been completed.

If you have any questions, please feel free to contact Ms. Angela
Distefano by telephone at (504) 731-7859 or by e-mail at
angela.distefano@bsee.gov.

Sincerely,

**Original Signed**
**Karen M. Miller**

Karen M. Miller
Freedom of Information Act Officer

# EXHIBIT J

In Reply Refer To:  MS GE 555A                    **SEP 23 2016**
(FOIA Request No. 2015-00243)


CERTIFIED MAIL –
RETURN RECEIPT REQUESTED

Mr. William Sparks
Beatty & Wozniak
216 Sixteenth Street,
  Suite 1100
Denver, Colorado  80202-5115

Dear Mr. Sparks:

This letter is in regards to your Freedom of Information Act
(FOIA) request, Number 2015-00243, dated August 3, 2015.  You
requested information on the following items:

> **Item Number 1:**  Supporting information regarding statements
> made in the May 2015 Fact Sheets released by the Bureau of
> Safety and Environmental Enforcement (BSEE) and the United
> States Coast Guard (Coast Guard) regarding:
>
> > a)   Oil is being discharged from the Mississippi
> >      Canyon 20 (MC 20) site, and if left unchecked,
> >      could continue for 100 years or more;
> > b)   since the discharge volume is greater than can
> >      reasonably be accounted for by oil released from
> >      sediment only, oil is most likely emanating from
> >      one or more of the 25 wells; and
> > c)   the specific source(s) of discharge at the MC 20
> >      site is not fully known.

In partial response to these items BSEE requests that your office
refer to the documents that were distributed to both BSEE and
Taylor Energy Company LLC titled:

> 1. The May 2008, Waldemar Nelson report titled "Draft
>    Sampling and Analytical Report";
>
> 2. The July 31, 2008, Kelkar and Associates report titled
>    "Evaluation of Report titled "Reservoir Study and Flow
>    Assessment of Mississippi Caynon Block 20," prepared by
>    William Cobb and Associates;
>
> 3. The October 2008, Site-Specific Environmental
>    Assessment for Pollution Containment System
>    Installation and Operation (this document was also
>    shared with BSEE by the Coast Guard.  The Bates Number
>    is CG001104-CG001143).

**Item Number 2:**  Please produce all correspondence regarding the August 25, 2014, UC led joint aerial observation workshop where the aerial observation methodology used to estimate quantity and rate of discharge was reviewed and revised."

In response to this item of your request, BSEE has no responsive information.  This training was facilitated by Mr. Kyle Jellison of the National Oceanic and Atmospheric Administration (NOAA). If you have not already done so, we suggest you may wish to contact NOAA for any additional information.  You can submit your FOIA request using the following information:

National Oceanic and Atmospheric Administration
Public Reference Facility (SOU1000)
1315 East-West Highway (SSMC3)
Room 9719
Silver Springs, Maryland  20910
Telephone:  (301) 628-5658
Fax:  (301) 713-4040
E-mail:  foia@noaa.gov

Should you need additional copies of any of the documents mentioned in this letter, please let us know and we will provide them to you.

Searches for records regarding your request are still in progress.  Any responsive records located as the result of these searches will be reviewed and provided to you on an ongoing basis until all processing of your request has been completed.

If you have any questions, please feel free to contact Ms. Angela Distefano by telephone at (504) 731-7859 or by e-mail at angela.distefano@bsee.gov.

Sincerely,

**Original Signed**
**Karen M. Miller**

Karen M. Miller
Freedom of Information Act Officer