UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


TAYLOR ENERGY COMPANY LLC,


               Plaintiff,


               v.                            Civil Action No. 16-cv-00388-BAH

UNITED STATES DEPARTMENT OF
THE INTERIOR; BUREAU OF OCEAN
ENERGY MANAGEMENT; BUREAU OF
SAFETY AND ENVIRONMENTAL
ENFORCEMENT; UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY; UNITED STATES COAST
GUARD

               Defendants.

---

**TAYLOR ENERGY COMPANY LLC'S MEMORANDUM AND
POINTS OF AUTHORITY IN SUPPORT OF ITS RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT**

---

       Taylor Energy Company LLC ("Taylor") files this Memorandum and Points of Authority

in Support of its Response in Opposition to Defendants' Motion for Summary Judgment and

Cross-Motion for Summary Judgment.  Also attached to Taylor's Response and Cross-Motion

for Summary Judgment are a Statement of Material Facts which there is no material dispute and

which supports Taylor's motion and Taylor's Response to Defendants' Statement of Material

Facts.

**I.      INTRODUCTION**

       In its FOIA requests, Taylor sought agency records forming the basis for statements made

by Defendants, the United States Department of the Interior ("DOI"), through the Bureau of Ocean Energy Management ("BOEM") and Bureau of Safety and Environmental Enforcement ("BSEE"), and the Department of Homeland Security through the United States Coast Guard ("USCG") (collectively "Defendants"), on a BSEE website.  These statements concern Taylor's ongoing response to an incident at Taylor's former oil platform in the Gulf of Mexico ("MC20").

Taylor filed the current suit in response to Defendants' continued delay in providing a final response to Taylor's FOIA requests.  A prompt and timely final determination on Taylor's FOIA requests regarding the continuing response at MC20 is necessary to facilitate use of the best science and information available to evaluate Taylor's response at MC20.  Defendants made these statements over 18 months ago; Taylor is still seeking the factual basis for those statements.

Taylor's Response to the Defendants' Motion for Summary Judgment and this Cross-Motion focus on the Defendants' continued violation of FOIA, misapplication of the certain FOIA Exemptions, and the shortcomings of the *Vaughn* indices.

The Defendants' continued violation of FOIA prejudices Taylor and impedes its ongoing response efforts.  Therefore, Taylor respectfully requests this Court grant Taylor's Cross-Motion for Summary Judgment and order Defendants BOEM and BSEE to comply with FOIA and produce revised *Vaughn* indices and improperly withheld documents by a date certain.

## II.     LEGAL AUTHORITY

### A.      *Standard for Granting a Motion for Summary Judgment*

FOIA actions are typically resolved on summary judgment.  *Reliant Energy Power Generation, Inc. v. FERC*, 520 F. Supp. 2d 194, 200 (D.D.C. 2007).  Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Diamond v. Atwood*, 43 F.3d

1538, 1540 (D.C. Cir. 1995).

B.      *Standard for Withholding Documents under FOIA*

"FOIA imposes no limits on courts' equitable powers in enforcing its terms."  *Payne Enters. v. United States,* 837 F.2d 486, 494 (D.C. Cir.1988).  Thus, this Court has jurisdiction "to enjoin [Defendants] from withholding agency records and to order the production of any agency records improperly withheld."  5 U.S.C. § 552(a)(4)(B).  In FOIA cases, the burden rests on the agency to justify nondisclosure of any requested document.  *See Dep't of Justice v. Reporters Comm.*, 489 U.S. 749, 755 (1996).  The burden is on agencies "to establish their right to withhold information from the public" and agencies must "supply the courts with sufficient information to allow [the courts] to make a reasoned determination that they were correct."  *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 861 (D.C. Cir. 1980).  A vague and conclusory assertion of the application of a privilege will not meet the standard for a *Vaughn* index.  *Id.*  Exemptions to disclosure under FOIA are to be "narrowly construed."  *FBI v. Abramson*, 456 U.S. 615, 630 (1982).

C.      *Deliberative Process*

To meet the standard for the deliberative process, the Court considers "whether the document is 'predecisional' whether it was generated before the adoption of an agency policy and whether the document is 'deliberative' whether it reflects the give-and-take of the consultative process."  *Coastal States*, 617 F.2d at 866. The exemption "covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency."  *Id.* Under 5 U.S.C. § 552(a)(2)(A), the agency must disclose "final opinions" of the agency which are not considered "deliberative."  In determining whether the agency has met its burden, "courts

ask themselves whether the document is so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication within the agency." *Id.* In the D.C. Circuit, the court is careful not to permit agencies to develop "secret law" hidden behind a veil of privilege because it is not formal, binding, or final. *Coastal States*, 617 F.2d at 867.

        D.       *Attorney-Client Privilege and Work Product*

The attorney-client privilege protects confidential communications between an attorney and her client if that communication relates to a matter for which the client seeks advice, and will not extend to facts provided by an attorney that does not reflect a client confidence. *Comptel v. FCC*, 910 F. Supp. 2d 100, 119 (D.D.C. 2012). To assert the privilege in the FOIA context, an agency must demonstrate the confidential nature of the communications. *Id.* A court will not presume confidentiality, and the privilege is to be narrowly construed. *Id.*

The attorney work product privilege protects materials prepared "in anticipation of litigation" and an agency asserting this privilege is required to identify the nexus between the documents and any potential litigation or settlement thereof. *Id.* at 120.

## III.    FACTUAL BACKGROUND

Taylor extensively detailed its FOIA requests and the government's failure to respond in its initial Motion for Summary Judgment, Memorandum in Support, and Statement of Material Facts, which it incorporates here. R. Doc. 15, 15-1, 15-2. As is relevant to the present motion, Taylor's Counsel filed formal FOIA requests to BOEM, BSEE, and USCG in August of 2015 for agency records related to the Online Materials, as well as correspondence regarding FOIA requests from the press. R. Doc. 15-2 ¶ 6. The relevant facts regarding Taylor's requests and the government responses are detailed below.

Taylor also includes a response to Defendants' Statement of Material Facts. Generally, Taylor is without a legitimate basis to raise a question of material fact as to Defendants'

assertions regarding internal actions taken by each Federal Defendant in responding to Taylor's requests. Taylor, however, disputes Defendants' assertions that their search for, production of, and withholding of documents complied with FOIA.

A.     *BOEM Request and Response*

On August 3, 2015, Taylor filed its FOIA request to BOEM. R. Doc. 15-2 ¶ 9. Having not received a response, Taylor filed a formal appeal of BOEM's failure to respond on November 30, 2015. R. Doc. 15-2 ¶ 16. Having received no final response to its request, or any response to its appeal, Taylor filed the present lawsuit to compel production of responsive documents on February 25, 2016. R. Doc. 1.

After this Court set a briefing schedule, on March 2, 2016, BOEM provided a partial response to Taylor's request. Facts ¶ 3. BOEM provided a final response by letter dated April 6, 2016, withholding in full 163 pages of material it alleged was protected under deliberative process, attorney work product, and attorney-client privilege. Facts ¶ 4. BOEM provided a *Vaughn* Index on May 24, 2016. Facts ¶ 5. BOEM's *Vaughn* index provides vague descriptions of the documents such as "Email chain with attachments: 'Taylor Matter'" in some cases even withholding the title of the emails, "Attachment 2 to email chain above: title withheld". R. Doc. 32-3 p. 45 (Entry for Bates 000001-16, 000019-25). The listed reasons for withholding are largely repetitive, vague, and conclusory such as "Deliberative and predecisional intra-agency material recording or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process." *Id*.

B.     *BSEE Request and Response*

On August 3, 2015, Taylor sent FOIA request to BSEE identical to the one it sent to BOEM. R. Doc. 15-2 ¶ 23. BSEE provided partial responses on October 7, 2015, February 19, 2016 and March 8, 2016. R.Doc. 15-2 ¶¶ 28, 33-34.

By letter dated November 30, 2015, Taylor formally appealed BSEE's failure to respond to its request.  R. Doc. 15-2 ¶ 30.  Taylor did not receive a response to its appeal.  R. Doc. 15-2s ¶ 32, 35.

After Taylor filed the present suit, BSEE made further partial responses on February 19, March 3, September 7, and September 23, 2016.  Facts ¶ 6.  In addition, on June 14, 2016, Taylor narrowed its FOIA Request Nos. 1 and 2 "to the specific information relied on by the author or authors in making the statements on the BSEE website."  R. Doc. 32-4 p. 44.  On November 4, 2016, BSEE provided a final response and *Vaughn* index.  Facts ¶ 7.  BSEE provided revised *Vaughn* indices on November 15 and 17th.  Facts ¶8.

BSEE's *Vaughn* index contains vague, conclusory allegations regarding the withheld documents.  For example, while claiming deliberative process and attorney-client privilege, BSEE simply asserts an email withheld because of "[d]eliberative and predecisional intra-agency material reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process."  R. Doc. 32-4, p. 60 (entry for GOMRBSEE000319-340).

C.    *U.S. Coast Guard Request and Response*

On August 4, 2015, Taylor filed an identical FOIA request to USCG.  R. Doc. 15-2 ¶36. On November 12, 2015, Taylor received an "interim" response from the Office of Information Management with respect to one of Taylor's three requests.  R. Doc. 15-2 ¶ 41.  This "interim" response consisted only of USCG re-producing to Taylor its response to an earlier FOIA request to the AP.  *Id.*  On December 1, 2015, Taylor appealed USCG's failure to respond to its request via letter to the Associate General Counsel at the Department of Homeland Security.  R. Doc. 15-2 ¶ 42.  The Department of Homeland Security failed to respond to Taylor's appeal prior to the filing of this lawsuit.  R. Doc. 15-2 ¶ 43.

On June 9, 2016, the USCG provided a final response.  Facts ¶ 9.  Three months later, on September 13, the USCG provided a corresponding *Vaughn* index.  Facts ¶ 10.  In contrast to the indices provided by BSEE and BOEM, in most cases the USCG *Vaughn* index provided sufficient information to determine the appropriateness of USCG's withholding.  *See* e.g. R. Doc. 32-2 pg. 75 (entry for USCG0556-561 providing information as to why the document was pre-decisional, the decision to which the document related, and reasoning why USCG determined the document was deliberative.)

## IV.    THE DEFENDANTS VIOLATED FOIA

Defendants violated FOIA by improperly withholding documents without sufficient justification and providing insufficient *Vaughn* indices which leave Taylor and the Court without meaningful opportunity for review.  To conserve the resources of the parties and the Court, although Taylor believes several of the USCG's *Vaughn* index fail to meet the legal standard, Taylor's Motion seeks to obtain updated *Vaughn* indices for the documents withheld by BSEE and BOEM.  In addition, Taylor challenges the redaction, in total, of the April 3, 2015 memorandum by BSEE, GOMRBSEE000914-921 (see also GOMRBSEE000922-939).  Because BSEE and BOEM's *Vaughn* indices are wholly deficient, and because BSEE unlawfully withheld at least the April 3, 2015 Memo, Taylor requests this Court deny Defendants' Motion, grant Taylor's cross-motion for summary judgment, and order revised *Vaughn* indices from Defendants BOEM and BSEE along with production of any documents wrongfully withheld.

### A.    *The Government has not Met its Burden to Prove it Properly Withheld the Redacted and Withheld Documents, Including the April 3, 2015 Memo and Related Correspondence*

Defendants BOEM and BSEE failed to meet their burden to prove they complied with FOIA and properly withheld certain documents, including the April 3, 2015 final memorandum from the BSEE Regional Director to the BSEE Director, and related correspondence.  Under

7

FOIA and relevant case law, the agencies carry the burden "to establish their right to withhold information from the public" and agencies must "supply the courts with sufficient information to allow [the courts] to make a reasoned determination that they were correct." *Coastal States* 617 F.2d at 861.   BSEE and BOEM have not met their burden to provide sufficient justification to withhold this "final opinion" of the BSEE Regional Director to the Gulf of Mexico under 5 U.S.C. § 552(a)(2)(A).

*Vaughn* indices must "disclose as much information as possible" without thwarting the exemptions purpose.   *Hall v. DOJ*, 552 F. Supp. 2d 23, 27 (D.D.C. 2008).   The need to adequately describe a document under Exemption 5 is "particularly acute because the deliberative process privilege is so dependent upon the individual document and the role it plays in the administrative process." *Animal Legal Defense Fund, Inc. v. Air Force*, 44 F. Supp. 2d 295, 299 (D.D.C. 1999).   Specifically, for the deliberative process, the agency must establish "what deliberative process is involved and the role played by the documents in issue in the course of that process." *Id.*   The deliberative process privilege is to be narrowly construed. *Coastal States*, 617 F.2d at 862.

BSEE's and BOEM's bare assertions of privilege contained in its *Vaughn* index are insufficient to meet the governing standard.   BOEM asserts that BOEM000019-25 is protected by the attorney-client privilege and the deliberative process privilege.   In asserting the April 3, 2015 final memorandum is protected under FOIA, BOEM simply asserts that the memo is "[d]eliberative and predecisional intra-agency material recording or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process." R. Doc. 32-3, p. 45.   This conclusory statement does not meet the standard.   As this Court has found, "[i]t is not enough to state that

8

documents relate to a deliberative process," rather, the agency "must identify the specific deliberative process at issue." *Hall*, 552 F. Supp. 2d at 29. Furthermore, in addition to identifying the deliberative process, an agency "must demonstrate that harm will result if the redacted documents are released." *Id.* This requires the agency to "show, by specific and detailed proof that disclosure would defeat, rather than further, the purposes of FOIA." *Id.* BOEM does not identify the deliberative process, does not state the harm that will result, and does not provide any information to allow the court to determine that the document is "pre-decisional" in relation to whatever final decision was reached.

Specifically, BOEM000001-16 and BOEM000019-25 do not describe the deliberative process involved, nor do they describe the role played by those documents in the process. Finally, BOEM fails to explain the alleged harm that would result if the document is released. *Hall*, 552 F. Supp. 2d at 29.

Nor does BOEM's simultaneous assertion of the attorney-client privilege provide a valid basis for withholding these documents from production under FOIA. Again, BOEM has the burden to prove an exemption applies. *Coastal States*, 617 F.2d at 861. Vague or conclusory assertions of privilege will not suffice. *Id.* However, for BOEM000019-25, BOEM simply asserts that the memorandum from the Regional Director of the Gulf of Mexico OCS Region to the Director of the BSEE, constitutes a "[c]onfidential communication among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts." R. Doc. 32-3, p. 45. Neither Defendants' Motion for Summary Judgment nor BOEM's Affidavit provides any further support for its designations. *See* Defendants' Motion at 22, R. Doc. 32-3 p. 9. Indeed, Defendants' Motion's only discussion of the Defendants' Exemption 5 designations consists of a single paragraph regarding only the

United States Coast Guard's assertion of deliberative process.  Defendants' Motion at 22.

Nor does BOEM provide sufficient information to support its assertion that this communication is in any way protected by the attorney-client privilege.  In fact, BOEM provides no evidence of the title or subject matter of the wholly redacted memo, and no indication that this memo between two non-attorneys contains any material that might be protected by the privilege. In general, documents prepared by non-attorneys and addressed to non-attorneys, are generally not privileged since they are not communications made primarily for legal advice, even if they are eventually forwarded to an attorney.  *United States v. ISS Marine Servs.*, 905 F. Supp. 2d 121, 128 (D.D.C. 2012).  Therefore, the fact that the final memo was eventually forwarded to Lori Monroe, an attorney with the Office of the Solicitor of the Interior, does not retroactively grant privileged status to the April 3, 2015 memo.  Consequently, BOEM has not met its burden to show that it properly withheld BOEM000019-25 under either the deliberative process or attorney-client privileges.

BSEE's *Vaughn* Index is similarly lacking.  In what appears to be an entry for a similar, if not identical, document to BOEM000001-16, also dated April 3, 2015, BSEE asserts that it properly withheld GOMRBSEEE000922-939, an "Email titled 'BSEE Taylor 1/2' Remaining Funds" under the deliberative process privilege because it is a "[d]eliberative and predecisional intra-and inter-agency draft material reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process."  R. Doc. 32-4, p. 69.  Again, BSEE relies on a conclusory statement that fails to identify the specific decision at issue, how that document relates to the issue, that the document was indeed "pre-decisional" or how disclosure of the redacted portions would defeat, rather than

further, the purposes of FOIA.  Bare and conclusory assertions of the deliberative process privilege are insufficient.  *Comptel*, 910 F. Supp. 2d at 122.

Nor does BSEE's Affidavit provide any additional information to supplement BSEE's *Vaughn*.  BSEE's affidavit simply asserts that Ms. Miller is "familiar with the documents described in the *Vaughn* Index . . . .  It accurately describes those records, and explains BSEE's assertion of the appropriate FOIA exemptions."  R. Doc. 32-4 p. 8.  This provides no additional information than the *Vaughn* Index's conclusory allegations of privilege by which this Court could conclude BSEE has met is burden to assert the privilege.

In fact, in contrast to BSEE's assertion, the only evidence in the record suggests that the April 3, 2015 document is not pre-decisional, and therefore should be disclosed. Under 5 U.S.C. § 552(a)(2)(A), agencies are required to disclose "final opinions, including concurring and dissenting opinions . . . made in the adjudication of cases."  The April 3, 2015 Memo is a final memorandum from the Regional Director to the Director of BSEE.  Although without a title or any substantive indication of the subject matter of the memo to make an actual determination of the appropriateness of BOEM's designation, the apparent final nature of this document suggests it is not.  Therefore, the evidence available to the Court indicates it is not a document properly withheld under Exemption 5, and it should be produced.

B.     *Taylor is Entitled to Injunctive Relief Ordering Defendants BOEM and BSEE to Provide Updated Vaughn Indices*

Because Defendants BOEM and BSEE failed to comply with FOIA, the proper relief is for this Court to order a revised *Vaughn* index.  *Comptel* 910 F. Supp. 2d at 128 (determining *Vaughn* Index inadequate and stating that agency "cannot rely on bare and conclusory assertions" that agency properly redacted documents and ordering FCC to submit revised

*Vaughn* within thirty days of the decision); *McGehee v. DOJ*, 800 F. Supp. 2d 220, 238 (D.D.C. 2011) (requiring agency to provide updated *Vaughn*).

Where the court is without sufficient information to find as a matter of law that one party is entitled to summary judgment, the court denies summary judgment to both parties without prejudice and requires the offending agency to produce a supplemental *Vaughn* index. *Citizens for Responsibility & Ethics v. Dep't of Homeland Security*, 648 F. Supp. 2d 152, 158 (D.D.C. 2009). After Taylor has had a full and fair opportunity to review the updated *Vaughn* indices, it should then be given the opportunity to file a new motion for summary judgment. *Comptel*, 910 F. Supp. 2d at 128. Therefore, the proper course of action is to deny Defendants' Motion.

C.   *Defendants Violated FOIA Because They Did not Conduct an Adequate Search for Responsive Agency Records*

For the Court to grant summary judgment on the adequacy of Defendants' search, the agencies "must demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995). Defendants are required to make a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Id.* To show reasonableness at the summary judgment phase, an agency must set forth sufficient information in "reasonably detailed" affidavits for a court to determine if the search was adequate. *Id.* Conclusory affidavits are insufficient to support summary judgment. *Id.*

In response to an inquiry from BSEE to narrow Taylor's request, Taylor agreed to narrow its FOIA request No. 1 to:

> Request No. 1: Please produce all studies, analyses, memorandum, and correspondence **upon which the author or authors of the Joint DOI-USCG statements relied on in stating that:**

(a) "BSEE's current estimate is that the oil discharge from the site, if left unchecked, could continue for 100 years or more."

(b) "However, because the discharge volume is greater than can reasonably be accounted for by the oil released from sediment only, oil is most likely emanating from one or more of the 25 wells."

(c) "Significant uncertainty exists about future events, including discharge sources, cross-flows, pressure recharge in the oil reservoirs, evolving technology, and suitable remedial measures."

(d) "The specific source(s) of discharge at the MC-20 site are not fully known."

R. Doc. 32-4 p. 43-45 (emphasis in original).   In short, Taylor reasonably described the documents it sought as those referenced and related specific to four statements posted on the Defendants' website. *Id.*   BSEE was thus required to conduct a search that was "reasonably calculated to uncover all relevant documents." *Weisberg v. DOJ*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).

However, instead of determining the author of those statements and inquiring which documents the author or authors relied on, the affidavit of Ms. Miller on behalf of BSEE, admits that they contacted eight different offices within BSEE because they "believed," but did not confirm, that these were the agency employees involved in the website statements. R. Doc. 32-4, p. 5.   Rather than inquiring what documents any of those employees relied on, BSEE simply conducted a search using the broad terms, "Taylor, TEC, Unified Command Center, FRAC, ERA or Ecological Risk Assessment, Sheen, and Flyover.*"  Id.*   Based on these broad search terms, BSEE collected approximately 80,000 pages of "potentially responsive material" which BSEE asserts it reviewed for "responsiveness, potentially exempt material, and segregability." *Id.* p. 6.

BSEE provides no information regarding how BSEE narrowed the 80,000 pages of potentially responsive documents down to the 15,377 pages produced "in full" and the 596

partially or fully redacted pages.  *Id.* at 7.  This cursory summary of BSEE's search does not evidence a "good faith effort to conduct a search for the requested records."  *Nation Magazine*, 71 F.3d at 890.  Taylor did not simply request all documents related to "Taylor" or "Unified Command Center" but rather made a specified request for documents the authors of the website relied on in making their statements.  Simply searching likely offices for vague terms does not constitute a good faith response.

In addition, BSEE's declaration states that 80,000 pages of potentially responsive materials were processed, but BSEE does not explain why over 50,000 pages were ultimately not responsive to Taylor's FOIA request or how or why those documents were not produced.  R. Doc. 32-4 at ¶¶ 18 – 28.  Again, conclusory affidavits do not meet the standard for sufficient proof.  *Nation Magazine,* 71 F.3d at 890.

Therefore, Taylor requests that the Court order Defendants to supplement the declarations and responses to FOIA to explain and document how they complied with FOIA by conducting a reasonable search of the four specific statements in the Fact Sheet and the specific documents relied on by the agencies in making those statements.  *See, e.g., Beltranena v. Clinton*, 2011 WL 923938 (D.D.C. March 17, 2011).

## V.    CONCLUSION

Over a year ago, Taylor filed FOIA requests seeking agency records that support statements posted on Defendants' website.  Taylor is still waiting for a response that complies with FOIA.   Defendants violated FOIA by withholding documents without adequate justification, failed to conduct a search for records that was reasonably calculated to uncover responsive documents, and failed to adequately describe the withheld and redacted documents in the *Vaughn* indices.

Thus, Taylor requests this Court deny the Federal Defendants' Motion for Summary

Judgment, and that this Court: (1) grant Taylor's Cross-Motion for Summary Judgment; (2) enter an order that Defendants BOEM and BSEE provide updated *Vaughn* indices and improperly withheld documents by a date certain; and (3) grant Taylor its costs and attorneys' fees in this action.   In addition, Taylor requests this Court exercise its continuing jurisdiction to ensure Defendants' continued diligence in producing the remaining documents responsive to Taylor's requests, including, if necessary, discovery on Defendants' search and response.


Dated: December 19, 2016

                                        Respectfully submitted,


                                        /s/ *William E. Sparks*

                                        William E. Sparks (DC Bar No. 499224)
                                        BEATTY & WOZNIAK, P.C.
                                        216 Sixteenth Street, Suite 1100
                                        Denver, Colorado  80202-5115
                                        Phone Number:  (303) 407-4499
                                        Fax Number:  (303) 407-4494
                                        E-mail: wsparks@bwenergylaw.com

                                        Attorney for Plaintiff
                                        Taylor Energy Company LLC