UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAYLOR ENERGY COMPANY LLC,

           Plaintiff,

v.

UNITED STATES DEPARTMENT OF
THE INTERIOR; BUREAU OF OCEAN
ENERGY MANAGEMENT; BUREAU OF
SAFETY AND ENVIRONMENTAL
ENFORCEMENT; UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY; UNITED STATES COAST
GUARD

           Defendants.

Civil Action No. 16-cv-00388-BAH

---

**TAYLOR ENERGY COMPANY LLC'S STATEMENT OF GENERAL ISSUES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

      Plaintiff Taylor Energy Company LLC ("Taylor") files this Statement of General Issues in Opposition to the Federal Defendants' Statement of Material Facts in Support of Defendants Motion for Summary Judgment. In sum, the facts are not in generally in dispute. In responding to Taylor Freedom of Information Act ("FOIA") Requests, whether or not the representatives of the United States Coast Guard ("USCG"), the Bureau of Ocean Energy Management ("BOEM"), and the Bureau of Environmental Enforcement complied with FOIA in properly applying FOIA exemptions are not factual disputes, but conclusions of law. Accordingly, pursuant to Local Civil Rule 7(h), Taylor provides this response to each alleged statement of material fact.

      1.     Taylor does not dispute that it filed FOIA requests seeking information contained

1

in the Joint DOI-USCG Fact Sheet attached to Taylor's FOIA Request.

**I.     The Coast Guard**

2.      Taylor has no information on the interworking of FOIA requests at the USCG or how the USCG handled Taylor's FOIA requests. To the extent the USCG alleges that its actions complied with FOIA, this is a legal conclusion for which no response is required.

3.      Taylor has no information on the interworking of FOIA requests at the USCG or how the USCG handled Taylor's FOIA requests. To the extent the USCG alleges that its actions and the search of documents that included "Taylor" complied with FOIA, this is a legal conclusion for which no response is required.

4.      Taylor has no information on the interworking of FOIA requests at the USCG or how the USCG handled Taylor's FOIA requests. To the extent the USCG alleges that its actions and the search of documents with Taylor personnel complied with FOIA, this is a legal conclusion for which no response is required.

5.      Taylor has no information on the interworking of FOIA requests at the USCG or how the USCG handled Taylor's FOIA requests. To the extent the USCG alleges that its actions and the search of documents that included "Taylor" complied with FOIA, this is a legal conclusion for which no response is required.

6.      Taylor has no information on the interworking of FOIA requests at the USCG or how the USCG handled Taylor's FOIA requests. To the extent the USCG alleges that its actions and the search of documents that included "Taylor" complied with FOIA, this is a legal conclusion for which no response is required.

7.      Taylor has no information on the interworking of FOIA requests at the USCG or how the USCG handled Taylor's FOIA requests. To the extent the USCG alleges that its actions

and the search of documents that included "Taylor" complied with FOIA, this is a legal conclusion for which no response is required.

8.  Taylor has no information on the interworking of FOIA requests at the USCG or how the USCG handled Taylor's FOIA requests. To the extent the USCG alleges that its actions and the search of documents that included "Taylor" complied with FOIA, this is a legal conclusion for which no response is required.

9.  Taylor has no information on the interworking of FOIA requests at the USCG or how the USCG handled Taylor's FOIA requests. To the extent the USCG alleges that its actions and the search of documents that included "Taylor" complied with FOIA, this is a legal conclusion for which no response is required.

10. Taylor has no information on the interworking of FOIA requests at the USCG or how the USCG handled Taylor's FOIA requests. To the extent the USCG alleges that its actions and its review of documents for exemptions and privilege complied with FOIA, this is a legal conclusion for which no response is required.

11. Taylor has no information on the interworking of FOIA requests at the USCG or how the USCG handled Taylor's FOIA requests. To the extent the USCG alleges that its actions and its review of documents for exemptions and privilege complied with FOIA, this is a legal conclusion for which no response is required.

12. Taylor does not dispute the USCG sent counsel for Taylor a letter, but to the extent the USCG alleges that the withholding of 359 pages complied with FOIA, this is a legal conclusion for which no response is required.

13. Taylor has no information on the interworking of FOIA requests at the USCG or how the USCG handled Taylor's FOIA requests. To the extent the USCG alleges that its actions

and its review of documents for exemptions, segragability, and privilege complied with FOIA, this is a legal conclusion for which no response is required.

14. Taylor does not dispute that the USCG provided a *Vaughn* Index, but to the extent the USCG alleges that the *Vaughn* Index and the applications of certain FOIA exemptions and privilege complied with FOIA, this is a legal conclusion for which no response is required.

15. Taylor does not dispute that the USCG provided a *Vaughn* Index, but to the extent the USCG alleges that the *Vaughn* Index and the applications of certain FOIA exemptions and privilege complied with FOIA, this is a legal conclusion for which no response is required.

16. Taylor does not dispute that the USCG provided a *Vaughn* Index, but to the extent the USCG alleges that the *Vaughn* Index and the applications of certain FOIA exemptions and privilege complied with FOIA, this is a legal conclusion for which no response is required.

17. Taylor does not dispute that the USCG provided a *Vaughn* Index, but to the extent the USCG alleges that the *Vaughn* Index and the applications of certain FOIA exemptions and privilege complied with FOIA, this is a legal conclusion for which no response is required.

18. Paragraph 18 is a legal conclusion for which no response is required.

**II. BOEM**

19. Taylor has no information on the interworking of FOIA requests at BOEM or how BOEM handled Taylor's FOIA requests. To the extent that BOEM alleges the searches conducted by its employees complied with FOIA, this is a legal conclusion for which no response is required.

20. Taylor has no information on the interworking of FOIA requests at BOEM or how BOEM handled Taylor's FOIA requests. To the extent that BOEM alleges that its actions and the search of documents that included "Taylor" complied with FOIA, this is a legal conclusion

for which no response is required.

21. Taylor has no information on the interworking of FOIA requests at BOEM or how BOEM handled Taylor's FOIA requests. To the extent that BOEM alleges the searches conducted by its employees complied with FOIA, this is a legal conclusion for which no response is required.

22. Taylor has no information on how many documents BOEM employees produced internally. To the extent the BOEM alleges the searches conducted by its employees and the documents produced complied with FOIA, this is a legal conclusion for which no response is required.

23. Taylor has no information on how many documents BOEM FOIA employees determined to not be responsive to Taylor's FOIA Request. To the extent the BOEM alleges that its determinations complied with FOIA, this is a legal conclusion for which no response is required.

24. Taylor does not dispute that BOEM sent counsel for Taylor a letter dated March 2, 2016.

25. Taylor does not dispute the USCG sent counsel for Taylor a letter dated April 6, 2016, but to the extent the BOEM alleges that the withholding of 163 pages complied with FOIA, this is a legal conclusion for which no response is required.

26. Taylor does not dispute that BOEM provided a *Vaughn* Index, but to the extent that BOEM alleges that the *Vaughn* Index and the applications of certain FOIA exemptions and privilege complied with FOIA, this is a legal conclusion for which no response is required.

**III.    BSEE**

27. Taylor has no information on the interworking of FOIA requests at BSEE or how

BSEE handled Taylor's FOIA requests. To the extent that BSEE alleges the searches conducted by its employees complied with FOIA, this is a legal conclusion for which no response is required.

28. Taylor has no information on the interworking of FOIA requests at BSEE or how BSEE handled Taylor's FOIA requests. To the extent that BSEE alleges the searches conducted by its employees complied with FOIA, this is a legal conclusion for which no response is required.

29. Taylor has no information on the interworking of FOIA requests at BSEE or how BSEE handled Taylor's FOIA requests. To the extent that BOEM alleges that its actions and the search of documents that included "Taylor" and other similar generic search terms complied with FOIA, this is a legal conclusion for which no response is required.

30. Taylor has no information on the interworking of FOIA requests at BSEE or how BSEE handled Taylor's FOIA requests. To the extent that BSEE alleges the searches conducted by its employees and that the documents provided to Taylor related the Associated Press complied with FOIA, this is a legal conclusion for which no response is required.

31. Taylor has no information on how many documents BSEE FOIA employees determined to be potentially responsive to Taylor's FOIA Request. To the extent the BSEE alleges that its determinations complied with FOIA, this is a legal conclusion for which no response is required.

32. Taylor has no information on how many documents BSEE FOIA employees determined to not be responsive to Taylor's FOIA Request. To the extent the BOEM alleges that its release and withholding of documents complied with FOIA, this is a legal conclusion for which no response is required.

33. Taylor has no information on the interworking of FOIA requests at BSEE or how that BSEE reviewed documents potentially responsive to Taylor's FOIA requests. To the extent that BSEE alleges that its actions and its review of documents for exemptions, segragability, and privilege complied with FOIA, this is a legal conclusion for which no response is required.

34. Taylor does not dispute that BSEE provided a *Vaughn* Index and a revised *Vaughn* Index, but to the extent that BSEE alleges that the *Vaughn* Indices and the applications of certain FOIA exemptions and privilege complied with FOIA, this is a legal conclusion for which no response is required.

35. Taylor does not dispute that BSEE provided a *Vaughn* Index and a revised *Vaughn* Index, but to the extent that BSEE alleges that the *Vaughn* Indices and the applications of certain FOIA exemptions and privilege complied with FOIA, this is a legal conclusion for which no response is required.

Dated: December 19, 2016

                                                              Respectfully submitted,

                                                              /s/ *William E. Sparks*

                                                              William E. Sparks (DC Bar No. 499224)
                                                              BEATTY & WOZNIAK, P.C.
                                                              216 Sixteenth Street, Suite 1100
                                                              Denver, Colorado  80202-5115
                                                              Phone Number:  (303) 407-4499
                                                              Fax Number:  (303) 407-4494
                                                              E-mail:wsparks@bwenergylaw.com

                                                              Attorney for Plaintiff
                                                              Taylor Energy Company LLC